[Civ. No. 2603. Second Appellate District.—November 4, 1918.]

## JESSE EVANS, Respondent, v. ALEXANDER WIXOM, Appellant.

FALSE IMPRISONMENT — PLEADING — INSUFFICIENCY OF COMPLAINT.—A complaint in an action for false imprisonment, which does not show that the plaintiff's arrest was not under legal warrant, does not state a cause of action.

MALICIOUS PROSECUTION.—A complaint in an action for malicious prosecution of a proceeding charging the plaintiff with insanity, which does not show that the insanity proceeding has terminated, does not state a cause of action.

APPEAL—JUDGMENT-ROLL—INSUFFICIENT COMPLAINT—MISCARRIAGE OF JUSTICE.—Where an appeal from a judgment, after answer and trial, is brought up on the judgment-roll alone, and it appears that the complaint does not state a cause of action, the judgment cannot be sustained on the theory that it cannot be ascertained from the record that the error has resulted in a miscarriage of justice, and that the judgment is therefore protected by section 4½ of article VI of the constitution.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Childers & Bruce and Walter H. Sprague, for Appellant.

Dan V. Noland and Walter B. Kibbey, for Respondent.

CONREY, P. J.—Appeal from a judgment entered in favor of the plaintiff.

The plaintiff brought this action to recover damages caused by certain wrongful acts of the defendant. The complaint is so drawn that it is not clear whether the plaintiff intended to allege a cause of action for false imprisonment or a cause of action for malicious prosecution of a certain proceeding in the superior court whereby the plaintiff herein was charged with being an insane person. If we consider the action as one for false imprisonment, the complaint does not state a cause of action, since it does not show that the plaintiff's arrest by the sheriff in the former proceeding was not under a legal warrant. If we accept the other alternative theory of the action, the complaint does not state a cause of action, since it does not appear therefrom that the proceeding to determine the question of the plaintiff's sanity has yet terminated.

Defendant's appeal comes before the court upon the judgment-roll alone. The record shows that the defendant demurred to the complaint and the demurrer was overruled; whereupon the defendant answered and the case went to trial before a jury, which rendered a verdict in favor of the plaintiff. The judgment conforms to that verdict.

Appellant contends for a reversal of the judgment upon the ground that the complaint did not state a cause of action. Counsel for respondent have not attempted to defend the complaint. On the contrary, they say that "for the purpose of this argument, we are willing to concede that there was an error in pleading." They endeavor to sustain their judgment by contending that under section 4½ of article VI, of the constitution of this state, as amended in November, 1914, the judgment must be affirmed unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice; and that this cannot be ascertained on an appeal from the judgment-roll alone.

If we are to agree with respondent's position on this matter, we will be required to presume something far beyond the lines established by the presumption that the facts alleged in the complaint were determined in favor of the plaintiff by the jury. We must also presume that any other facts, though not within the issues raised by the pleadings, were actually tried and determined if such determination was necessary to make out a cause of action for the plaintiff. We are satisfied that the constitutional provision above mentioned was not intended to carry the protection of judgments to any such extreme length. The phrase, "any error as to any matter of pleading," in said section 4½, is entitled to very liberal construction, but not to a construction which will destroy pleading as a necessary element in legal procedure.

The judgment is reversed.

James, J., and Myers, J., *pro tem.*, concurred.