[Civ. No. 2982.  First Appellate District, Division One.—September 4, 1919.]

## ADA M. BISHOP, Appellant, v. ELIZABETH J. BARNDT et al., Respondents.

[1] VENDOR AND VENDEE — CONTRACT FOR SALE OF REAL PROPERTY — ACCEPTANCE OF OVERDUE PAYMENTS—SUSPENSION AND REVIVAL OF RIGHT OF FORFEITURE.—Where time is made the essence of a contract for the payment of money, and this covenant is waived by acceptance of installments after they are due with knowledge of the facts, such conduct will be regarded as creating only a temporary suspension of the right of forfeiture, which may be restored by giving a definite and specific notice of an intention to enforce it.

[2] ID.—AGREEMENT OF VENDEES TO SELL TO THIRD PERSON—PRIVITY OF CONTRACT WITH ORIGINAL VENDOR.—A purchaser of property under an installment contract, by entering into a contract of sale of said property to a third person, creates no privity of contract or estate between such third person and the original vendor without assigning his interest, in whole or in part, under the original contract of purchase.

[3] ID.—ACTION TO DECLARE FORFEITURE — PARTIES — REMOVAL OF CLOUD FROM TITLE.—Such third person having placed her contract to purchase of record, upon default of the vendees under the original contract of purchase, the original vendor was entitled to make her a party defendant in an action to declare a forfeiture of the rights of the original vendees and to have such cloud removed.

[4] ID.—SUFFICIENCY OF NOTICE TO RESTORE RIGHT OF FORFEITURE— DUTY TO NOTIFY THIRD PARTY.—In this action by the vendor to declare a forfeiture of the rights of the vendees in and to certain real property under an agreement of sale, the plaintiff, by the acceptance of installments after they were due, having worked a temporary suspension of the right of forfeiture, the notice given to the real party in interest under the agreement of sale was sufficient to revive and restore all plaintiff's rights under her contract. It was not necessary that she also give notice to the third person with whom her vendee has entered into an agreement of sale of such property to which she was not a party.

[5] ID.—FAILURE TO COMPLY WITH NOTICE—FORFEITURE OF RIGHTS UNDER CONTRACT—DECREE—EQUITY.—When the vendor gave the vendees a reasonable time to pay the money due under their con-

---

1. Vendor's acceptance of payment tendered after time specified as waiver of provision making time of essence of contract, note, 9 A. L. R. 996.

tract of purchase, they should have met the requirements of the notice, and when they did not they forfeited all their rights under the contract in accordance with the terms therewith; and in an action brought for that purpose, the vendor was entitled to a decree that all their rights thereunder were at an end, in the absence of some equitable showing to excuse their failure to comply with the terms thereof.

[6] ID.—SPECIFIC PERFORMANCE—ADEQUACY OF CONSIDERATION—JUSTNESS AND REASONABLENESS OF CONTRACT—PLEADING AND PROOF.— In this action by the vendor to quiet her title to certain property agreed to be sold, the original vendees being in default in the payments, the court committed error in decreeing specific performance of the contract of sale in favor of one of the defendants, a third person to whom such vendees had contracted to sell such property, it not being alleged in the answer of such defendant that the consideration to be paid plaintiff was adequate, or that the original contract of sale was just and reasonable, and no evidence was introduced upon this subject, and no finding made in regard to it.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge. Reversed.

The facts are stated in the opinion of the court.

Hartley Shaw for Appellant.

G. P. Adams and John C. Stick for Respondents.

WASTE, P. J.—This, in form an action to quiet title, is, in effect, one to declare a forfeiture of the rights of all the defendants in and to the real property in question. The facts of the case appear from the findings, fully supported by the testimony.

By an agreement of sale, made on February 6, 1913, the plaintiff agreed to sell, and the defendant, Elizabeth J. Barndt, agreed to buy, the land in question for the sum of one thousand three hundred dollars, payable one hundred dollars upon the execution of the agreement, four hundred dollars on March 1, 1914, four hundred dollars on March 1, 1915, and four hundred dollars on March 1, 1916, with interest at the rate of seven per cent per annum, payable semiannually, the buyer to pay all taxes after March 1, 1913. This contract, almost immediately after its execution, was assigned and transferred to defendant Stick, and, together

with said assignment on the back thereof, was recorded in the office of the county recorder of Orange County, but not until May 29, 1915, just before this action was commenced. Time is the essence of the contract.

On August 14, 1913, defendant Stick sold the property under another contract to defendant Beulah B. Coward for the sum of two thousand four hundred dollars, on account of which defendant Coward had paid the sum of $1,863.81 before trial of the action.

The initial payment of one hundred dollars, due under plaintiff's contract, was paid at the time of the execution of the agreement. The four hundred dollar installment on account of principal, due March 1, 1914, and the various payments on account of interest, falling due prior to February 6, 1915, were paid by defendant Stick. None of these payments were made when due, but at various dates thereafter, and each was received and accepted by the plaintiff without any objection on her part. At the time the suit was commenced—July 23, 1915—the payment of interest due on February 6, 1915, and the four hundred dollar installment on account of principal, due March 1, 1915, had not been paid to plaintiff. Plaintiff had also paid certain taxes, assessed against the property, which had not been repaid.

Prior to the bringing of the action, no notice of any delinquency of any payment, or demand for the payment of the same, was made, or served, upon defendants Stick or Coward. Plaintiff never gave to the said defendants, or either of them, any notice that she would, or did, insist upon the provisions of the agreement between herself and Barndt, as to time being the essence of the agreement, or that she would declare a forfeiture of her contract with defendant Barndt, although she became aware of the existence of the agreement between defendants Stick and Coward in June, 1915, about one month before bringing this action.

The court found that defendants Stick and Coward were ready, willing, and able to pay to the plaintiff all moneys due under the contract between herself and the defendant Barndt. Those defendants, in open court, in keeping with this finding, offered to pay the amount, together with all taxes paid by plaintiff, and costs of suit, upon the condition that plaintiff convey the title to the premises to either of them, and deliver to the grantee a certificate of title, as provided in the original

contract. Defendant Stick, by stipulation filed in the action, consented to the transfer being made directly to the defendant Beulah Coward. Plaintiff declined to accept the tender and convey the property. Counsel for the respective parties, by stipulation, then agreed that the amount due upon principal and interest, under the contract between plaintiff and defendant Barndt, provided the same was then in force, amounted at that time to $901.87; that the taxes paid by plaintiff on said premises, including interest, amounted to $13.20, and that plaintiff's costs amounted to $19.95, making the total of principal, interest, taxes and costs the sum of $935.02. The defendants Stick and Coward then made tender of that amount in open court to the plaintiff, and the tender was refused. In lieu of the payment of the money into court, pending the final determination of the action, it was stipulated that the amount be deposited with a trustee, to hold the same, with proper instructions as to its disposition.

As its conclusion of law from the foregoing facts, the court found that plaintiff was entitled to recover of and from the defendants John C. Stick and Beulah Coward the above amount, upon her executing and delivering a proper deed and certificate of title, and, also, that the defendants in the action were entitled to a judgment and decree that plaintiff execute such conveyance to defendant Coward, and furnish proper certificate of title. Judgment and decree was entered in accordance with the findings. It was further decreed that, in the event said plaintiff refused to make such deed of conveyance and furnish such certificate of title within forty days from the date of the judgment, the clerk of the court make, execute and deliver to the defendant Coward such conveyance for and on behalf of plaintiff, and obtain and turn over the certificate of title, as directed. Plaintiff has appealed.

The judgment and decree of the lower court, if it is to be upheld, must rest upon the legal effect of its findings, that all of the payments on the contract between plaintiff and defendant Beulah Coward, other than the initial payment of one hundred dollars, were made at various dates after the same became due, according to the terms of the contract, and were received and accepted by plaintiff without objection upon her part. From this conduct on the part of plaintiff, the trial court apparently reached the conclusion that plaintiff had waived the default, and failure to comply strictly and

punctually with the conditions of the agreement to such an extent that plaintiff had induced the purchaser and assigns, in reliance thereon, to alter their course as to strict and punctual compliance with the contract. There is no finding to this effect.

In addition to the facts outlined above, as found by the trial court, it appears from the evidence that Gail E. Moon, who was made a defendant, and answered generally, denying the allegations of the complaint, was the real vendee in interest in the contract between plaintiff and defendant Barndt. On May 18, 1915, and before she knew of the claim of defendant Coward to an interest in the property in litigation, plaintiff directed her attorney to send a letter to Moon. In this communication, after calling attention, by apt reference, to the contract between plaintiff and Mrs. Barndt, counsel said:

"I understand that you are the present owner of this contract, and this is to notify you that the sum of $400.00 due under the terms of said contract March 1st, 1915, has not been paid, and that the interest has not been paid beyond August 6th, 1914.

"You are hereby notified that unless the sums due under this contract are paid within fifteen days from date hereof, Mrs. Bishop will exercise the rights conferred upon her by the contract, which recites that time is the essence thereof, and will declare all your rights under said contract to be forfeited, and will not recognize herself as being under any further obligation to perform said contract."

No attention was paid by defendants to this notice, and the amounts due were not tendered or paid to plaintiff. After waiting two months plaintiff commenced her action to quiet title.

Upon the foregoing admitted facts, the first question that arises is as to what were the rights of the respective parties on May 18, 1915, the date of plaintiff's letter to defendant Moon? On that date the defendants were more than three months in default in respect to the semi-annual installment of interest due under the contract, for the six preceding months, and nearly three months in default as to the payment of the installment on principal due March 1, 1915. According to the strict letter of the agreement, making time the essence thereof, the vendees under the contract were then subject to the penalty of having their contracts canceled and of a

forfeiture of the payments which they had theretofore made, unless, as contended by defendants, the plaintiff, by receiving without objection the several payments which the defendants had tardily made, can be held, by her action in so doing, to have waived her right to insist upon the strict letter of the contract. Defendants claim that plaintiff is no longer entitled to take advantage of their past delinquencies, so as to either declare the contract canceled because of them, or to claim a forfeiture of such payments as she had theretofore received without objection, when they were not made on the dates fixed by the contract. In urging this contention they rely, among many others, upon *Pearson* v. *Brown,* 27 Cal. App. 125, 129, [148 Pac. 956] ; *Boone* v. *Templeman,* 158 Cal. 290, 295, [139 Am. St. Rep. 126, 110 Pac. 947] ; *Stevinson* v. *Joy,* 164 Cal. 279, 285, [128 Pac. 751] ; *Sausalito Bay Land Co.* v. *Sausalito Improvement Co.,* 166 Cal. 302, 307, [136 Pac. 57].

These cases support respondents' contention, as being the correct rule under proper circumstances. Our attention has not been called, however, to any cases holding that the vendor may not by proper steps revive such right of forfeiture after default. **[1]** On the contrary, it is the law that where time is made the essence of the contract for the payment of money, and this covenant has been waived by acceptance of the installments after they were due, and with knowledge of the facts, such conduct will be regarded as creating only a temporary suspension of the right of forfeiture, which may be restored by giving a definite and specific notice of an intention to enforce it. (*Stevinson* v. *Joy, supra; Boone* v. *Templeman, supra.*) As was said in the latter case, ''The simple act of receiving a payment after the date when the payee was bound to accept it, without more, is no excuse for laches as to future payments. The effect of the acceptance is exhausted upon the payment made, and as to those following, the provisions of the contract are left to operate with unimpaired force.'' This court, in *Brown* v. *Pearson, supra,* took note of this power, resting in a vendor to revive and restore the right to a forfeiture under contracts wherein time is made the essence thereof. In speaking of the notice given in that case the court said: ''The utmost effect, under the foregoing rule [relating to waiver by accepting past due payments] which would be given to it would be that of a notification to

the vendees that the vendor intended thereafter to insist upon a strict compliance upon the terms of the contract; and, that unless within a reasonable time the vendees paid up their deficiencies and thereafter made their payments strictly in accordance with the time conditions of their contract, the forfeiture clause would be enforced.''

Appellant contends that she has complied with all the requirements of the rules laid down by the cases we have cited, in that ample notice of default and forfeiture was in fact given. She relies upon the notice contained in the letter of May 18th, sent by her attorney to the defendant Moon. This letter, as will be noted, was sent after the assignment from Barndt to Stick, and the execution of the separate contract between Stick and Miss Coward, and before plaintiff had knowledge of the latter's claim to an interest in the property. Appellant's first contention in this regard is that Moon was still the owner and holder of all the rights under the original contract, and that service of the notice upon him was sufficient within the application of the established rule. In making this contention she relies, first, upon the fact that the assignment by Mrs. Barndt was executed and delivered in blank, the name of John C. Stick, as assignee, having been inserted thereafter, and, for the law to sustain the proposition, cites *Arguello* v. *Bours,* 67 Cal. 447, [8 Pac. 49]. In that case it was held that a deed, in which the name of the grantee was left blank by the grantor at the time of its execution and afterward inserted without his authority, did not convey any interest, nor become sufficient to pass title because the grantee entered into possession and paid the purchase price. We have no such state of facts in the present case. Mrs. Barndt signed the assignment in blank, with the knowledge of the defendant Moon, the real party in interest, and he, in turn, delivered the contract to defendant Stick, who appears to have at all times conducted the entire transaction for and on his behalf. Thereafter, the name of Stick was written into the assignment with Moon's knowledge and consent, and apparently for the purpose of carrying out some arrangement between the two. Moon was estopped to deny that the assignment, as delivered to Stick, was valid, duly executed, and binding upon him (*Dolbeer* v. *Livingston,* 100 Cal. 617, 621, [35 Pac. 328]), and appellant, who was not a party to the assignment, cannot complain.

Appellant's second point in support of her contention that the notice given to Moon was amply sufficient to revive her right of forfeiture, is that, notwithstanding the assignment by the latter to Stick, Moon was in reality the owner of all the rights conferred by the contract. This suggestion is entitled to more serious consideration. The testimony bearing on this subject is neither full nor elucidating, and some of it is hearsay. But the only inference which can safely be drawn from the evidence is that appellant is correct in her contention. There is absolutely no showing to the contrary. Notwithstanding that the trial court found that defendants, Barndt and Moon, had no right or interest in the real property, we are fully satisfied from the statements made by Stick to plaintiff and the admissions contained in his letters to her and from the testimony of Moon that Stick and Moon were one in interest in the contract. Moon testified that Stick acted as his representative in dealing with Miss Coward.

Appellant's contract bound her, on receiving the payments at the time and manner therein mentioned, to deliver a certificate of title showing the property free from encumbrances, and execute and deliver to the buyer or her assigns a good and sufficient deed thereof. She contends, however, that defendant Coward was not an assignee of the contract, and in no way party thereto; that there was no privity between plaintiff and her, and that Miss Coward was not entitled to the notice to perform, and is not now in position to enforce the contract. Appellant is correct in this contention. While defendant Stick had an ostensible equitable interest in the land acquired by the assignment of the Barndt contract, which he had the right to contract to convey to Miss Coward (*Rogers Dev. Co.* v. *Southern California etc. Inv. Co.*, 159 Cal. 735, 739, [35 L. R. A. (N. S.) 543, 115 Pac. 934]), she was a stranger to the plaintiff. Her agreement with Stick was a separate and independent contract, without any reference to the contract between plaintiff and Barndt, and plaintiff was not required to take any notice of it. [2] Stick, by contracting to sell to Miss Coward, could not create a privity of contract or estate between her and plaintiff without assigning his interest, in whole or in part, under the original contract. Plaintiff, without such assignment, and notice of it, was entitled to stand upon her contract with her vendee regardless of any subcontract the latter might make.

The contract between defendant Stick and Miss Coward did not operate as an assignment of the contract between plaintiff and Barndt. Miss Coward assumed no obligations under that agreement toward plaintiff so as to bring herself into privity with her. This being so, she acquired no rights under the contract, and, having no rights, consequently there was nothing to forfeit. [3] Her claim, however, operated as a cloud upon the title of plaintiff which she was entitled to have removed in this form of action. (*Stratton* v. *California Land etc. Co.,* 86 Cal. 353, 360, [24 Pac. 1065].)

[4] The notice served by plaintiff on defendant Moon was, in our opinion, under the disclosed facts of this case, sufficient to revive and restore all plaintiff's rights under her contract, and she is now entitled to stand upon its terms. [5] When she gave the defaulting vendees a reasonable time within which to pay the money due thereunder, they should have met the requirements of the notice. When they did not they forfeited all rights under the contract. Plaintiff is doing no more than to insist that under the terms of the contract defendants have no further rights thereunder, but have forfeited all such. Her action to quiet title amounted to no more than the calling of the defaulting vendees into court to show why it should not be decreed that, under the terms of the contract, all their rights thereunder were at an end. In the absence of some sufficient equitable showing to excuse their failure to comply with the terms of the contract, which defendants failed to make, the plaintiff was entitled to such decree. (*Oursler* v. *Thatcher,* 152 Cal. 739, 745, [93 Pac. 1007].) Defendants were not entitled to the finding made by the trial court that the contract between plaintiff and Mrs. Barndt was still in force and effect. It is a finding against fact. The finding that the contract made between defendants Stick and Miss Coward was still in force and effect is a finding on an immaterial issue.

[6] Specific performance in this case was decreed upon the answer of defendant Coward. Even though she were in position to seek such relief, her answer does not state sufficient facts, for it is not alleged therein that the consideration to be paid plaintiff for the land is adequate, or that the Barndt contract is just and reasonable. (*White* v. *Sage,* 149 Cal. 613, 614, [87 Pac. 193].) No evidence was received upon this subject, and there is no finding in regard to it.

A decree for specific performance cannot be supported in the absence of allegation and finding that the contract was just and reasonable, and the consideration adequate. (Civ. Code, sec. 3391; *Gibbons* v. *Yosemite Lumber Co.*, 172 Cal. 714, 716, [158 Pac. 196].)

The judgment is reversed.

Richards, J., and Kerrigan, J., concurred.