[Civ. No. 6317. First Appellate District, Division Two.—June 16, 1928.]

LAGUNA LAND & WATER COMPANY (a Corporation), Appellant, v. EMERY GREENWOOD, Defendant; ANNA WESTMINSTER, Defendant and Respondent.

John E. Biby and Harry C. Biby for Appellant.

Marshall A. Stutsman for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from a judgment upon a cross-complaint awarding specific performance of a contract to sell real property.

The appellant filed its complaint to quiet title to the east 30 feet of lot 836 of plat 3398, recorded in Book 37 of Maps, page 43, Los Angeles records. To this complaint the respondent filed an answer and cross-complaint, alleging that four years prior to the commencement of this action appellant executed a written contract of sale of said lot to the defendant Emery Greenwood for the sum

of \$635, to be paid in equal monthly installments' of \$6.25; that the defendant Greenwood thereupon entered into possession of the premises and constructed a dwelling-house thereon at a cost of \$1,000, and that he performed all of the covenants of said contract on his part. The contract was made a part of the cross-complaint, and among other covenants which it contained was a provision prohibiting the buyer from erecting or maintaining a dwelling-house on the property which would cost less than \$1,500, except for temporary purposes, in which event it was necessary to obtain the written consent of the grantor. The contract also provided that it could be assigned only by the written consent of the grantor. Time was made the essence of the contract, and a forfeiture was declared for the breach of any of its covenants. The value of the land was not alleged in the cross-complaint, and nowhere in the pleadings does it appear that the consideration for the sale of the property was adequate, or that the contract was just and reasonable. It was further alleged that on June 9, 1923, the respondent agreed to purchase said lot, together with the improvements thereon, for the sum of \$1,100, upon which the sum of \$525 was paid to the defendant Greenwood. On July 25, 1923, the respondent tendered to appellant the sum of \$300, which was the balance unpaid upon the purchase price, which the appellant refused to accept until the respondent agreed in writing to conform to the contract and erect a dwelling-house on said premises at a cost of at least \$1,500. This was at first declined, and six months later this action to quiet title was commenced.

The evidence shows that the contract between appellant and the defendant Greenwood was made as alleged, and that substantially \$300 of the purchase price remained unpaid; that Greenwood was a poor old soldier, and that while appellant frequently urged him to comply with the covenant not to build a house upon the premises of less value than \$1,500, this requirement was not enforced against him. A memorandum of agreement to sell the premises to respondent for \$1,100 was signed by defendant Greenwood, and he acknowledged the receipt of the sum of \$525 as part payment, but he never executed an assignment of the contract or a conveyance of the property. Both the respondent and Greenwood did, however, call

upon appellant, notifying it of the proposed transfer, and requesting its written consent to the same. Appellant refused to consent to the assignment until respondent agreed in writing to remove the house and construct one which complied · with the requirements of the contract. This was never done, the consent to transfer was never given and the assignment was never executed. Soon afterward the defendant Greenwood disappeared. His whereabouts were unknown, and summons was published against him. Neither the value of the property nor an averment of adequacy of consideration was mentioned in the pleadings, the evidence, or the findings. Appellant's demurrer to the cross-complaint was overruled.

■ The appellant had a right to insist upon compliance with the specific provisions of the contract prohibiting the construction or maintenance of a dwelling-house of a value less than $1,500, and it was entitled to insist upon the fulfillment of this covenant as a condition precedent to the granting of its consent to an assignment of the contract. ■ Moreover the cross-complaint is fatally defective for failure to allege the value of the property or the adequacy of consideration. The judgment is not supported by findings or evidence of such value or adequacy of consideration. ■ Specific performance of a contract may not be enforced in the absence of pleadings and proof that it is founded upon adequate consideration and that it is just and reasonable. (Sec. 3391, Civ. Code; *Windsor* v. *Miner,* 124 Cal. 492 [57 Pac. 386]; *Bishop* v. *Barndt,* 43 Cal. App. 149, 157 [184 Pac. 901]; *Valentine* v. *Streeton,* 9 Cal. App. 640, 643 [99 Pac. 1107]; 5 Bancroft's Code Pl., p. 4225, sec. 2328; 23 Standard Ency. of Proc. 1046.) ■ By the term adequate consideration it is not meant that the price shall necessarily measure up to the full market value of the property, but merely that it shall be reasonably just and equitable to the party against whom the contract is sought to be enforced. (*Schader* v. *White,* 173 Cal. 441 [160 Pac. 557]; *Estate of Brix,* 181 Cal. 667, 675 [186 Pac. 135]; 23 Cal. Jur. 442, sec. 17.) In the case of *Bishop* v. *Barndt, supra,* which was quite similar to the present case, specific performance was decreed upon the answer of the defendant in a suit to quiet title. The judgment was reversed for failure to allege or prove an adequate consideration. Mr.

Justice Waste, writing the opinion, says: "Specific performance in this case was decreed upon the answer of defendant Coward. Even though she were in a position to seek such relief, her answer does not state sufficient facts, for it is not alleged therein that the consideration to be paid plaintiff for the land is adequate, or that the Barndt contract is just and reasonable. (*White* v. *Sage,* 149 Cal. 613, 614 [87 Pac. 193].) No evidence was received upon this subject, and there is no finding in regard to it. A decree for specific performance cannot be supported in the absence of allegation and finding that the contract was just and reasonable, and the consideration adequate. (Civ. Code, sec. 3391; *Gibbons* v. *Yosemite Lumber Co.,* 172 Cal. 714, 716 [158 Pac. 196].)" To avoid the application of this well-settled rule the respondent relies upon the case of *Baker* v. *Miller,* 190 Cal. 263 [212 Pac. 11], where, in spite of an allegation in the complaint that "at or about the date of the contract the estate of said deceased was of the appraised value of $22,753, and said contract was in all respects just and fair and liberal in its provisions in favor of said defendant," the court held that the complaint was insufficient, saying, "Viewed as a whole, we feel that there is no escape from the conclusion that the complaint is insufficient and the general demurrer interposed by the defendant should have been sustained." Yet the court upheld the judgment in that case upon the ground that after the demurrer was overruled an answer was filed "denying generally and specifically the averment of the complaint attempting to allege the adequacy of the consideration and the fairness of the contract," and added, "The greater part of the testimony was directed in support of her contention that the consideration was inadequate and that as to her the contract was unjust." But in the present case there was no attempt to allege an adequacy of consideration or fairness of the contract. Nor was the subject of adequacy of consideration or fairness of contract referred to in the evidence or mentioned in the findings. These matters were not an issue in the present case, and the case last cited therefore furnishes no precedent upon which to support this judgment. ▆ Nor can it be said that article VI, section 4½ of the constitution furnishes a remedy for an absolute absence of pleadings or proof of a necessary ele-

ment required in a particular cause of action. This constitutional provision is intended to supply the omission in imperfect or defective pleadings, or error in the rejecting or admission of evidence, so as to prevent a miscarriage of justice. Any other construction would convert this provision into an engine for the accomplishment of a miscarriage of justice and destroy the rules of pleading and evidence which are crystallization of ages of judicial wisdom. (*J. I. Case T. M. Co.* v. *Copren Bros.*, 32 Cal. App. 194 [162 Pac. 647]; *Evans* v. *Wixom,* 38 Cal. App. 542 [176 Pac. 873]; *People* v. *Schiaffino,* 73 Cal. App. 357, 360 [238 Pac. 725].

The judgment is reversed.

Nourse, J., and Koford, P. J., concurred.