[Civ. No. 4621.   Fourth Dist.   May 6, 1953.]

JIM BILL HILL, Respondent, v. JACK LEVY, Appellant.

West, Vizzard, Howden & Baker and James Vizzard for Appellant.

Dorris, Fleharty & Phillips and D. M. Phillips for Respondent.

MUSSELL, J.—Defendant Jack Levy appeals from a judgment rendered against him for the sum of $600 in an action for false arrest and imprisonment. The amended complaint contains three causes of action. The trial court concluded that plaintiff Hill was not entitled to judgment on the first two causes of action and they are not here involved. Appellant contends that the trial court's findings are inconsistent and not supported by the evidence, and that a cause of action was not stated in the third count of the amended complaint.

On February 27, 1949, at about 5 o'clock p. m. appellant, with his wife and Mr. and Mrs. Reinik, entered the El Tejon Hotel in Bakersfield. They were seated in the dining room and ordered a meal. Plaintiff Hill and his wife, together with three other couples, were seated in a booth in the same room and the two parties were approximately 18 feet apart. Appellant testified that he then heard loud conversation with the consistent mentioning of the word "Jews"; that Hill repeatedly said "If they could not sell potatoes to the Armenians, they could always sell them to the God damn Jews"; that "Mr. Hitler took care of the Jews in Germany and that they would take care of the rest of them"; that "The conversation was apparently centered on a deal of potatoes and acreage in Cuyama on which they were going to plant potatoes and it would not matter whether they got the money or not"; that "The conversation was that the government would give them $1.45 or $2.45 a sack for them and no God damn Jews were going to take the deal away from them and that was the conversation they carried on for 10 or 15 minutes"; that he heard other language of a profane nature, rose up from his seat and told Hill that "he had listened to the conversation long enough and for him to quit it; that there were women present"; that Hill replied "No son-of-a-bitch is going to make me shut up"; that Hill continued his remarks about the Jews and appellant then left the room and contacted the hotel manager; that Hill also left the room and talked with the man-

ager and both appellant and Hill then returned to the dining room, where there was more profanity; that appellant then called the police. When they arrived a few moments later, appellant, in the presence of the officers, told Hill that he was under arrest. The officers then took Hill into custody and to jail, where he was detained for approximately an hour.

On April 14, 1949, appellant filed a complaint against Hill in the police court of Bakersfield, charging him with a disturbance of the peace alleged to have been committed on February 27, 1949. A jury trial was had which resulted in an acquittal and the present action followed.

Hill's testimony as to what took place in the hotel was that he and his companions were discussing raising 160 acres of potatoes; that someone said the potatoes could be sold to Jews, Gentiles or anyone; that Levy stood up and addressed Hill and his party and said ''You fellows are talking loud and boisterous and I don't like it and if you don't shut up, I will call a cop and have you arrested''; that he, Hill, then said ''If you are going to call a cop, call a whole bunch of them. Calling one would be a waste of your time and mine''; that Levy left the room and returned with the hotel manager and demanded that he arrest Hill; that the manager would not make an arrest and that after a conversation between the manager and Levy, the officers came and the arrest was made; that Levy pointed to Hill and said ''I want this man arrested.''

The trial court found ''That said plaintiff was guilty of a breach of the peace by the use of profane language in the presence of women, and by boisterous conduct in a public place, which said breach of peace was a breach of peace of said defendant and the companions of defendant; but that at the time of said breach of peace by plaintiff, defendant Jack Levy failed to place said plaintiff under arrest, for a period of approximately one-half hour, and did not place plaintiff under arrest until such time as the police officers of the City of Bakersfield arrived at the El Tejon Hotel; that at said time, when said Police Officer on the request of said defendant placed said plaintiff under arrest, said plaintiff was not then and there guilty of a breach of the peace, or disturbing the peace, at the time said arrest was made.'' The court also found that the allegations of the first affirmative defense pleaded by defendant Jack Levy were true. These allegations, insofar as are material here, were that on or about the 27th day of February, 1949, at the El Tejon Hotel, plaintiff was loud, abusive and profane in his language, and directed toward de-

fendants abusive, scurrilous and profane remarks; that the defendant Jack Levy requested the plaintiff to desist from such conduct and remarks; that upon plaintiff's refusing to desist from such conduct and remarks, the police were notified and came to the hotel; that thereupon the defendant Jack Levy, acting as a citizen, placed said plaintiff under arrest for disturbing the peace; that said plaintiff was then taken into custody by the police officers and removed from the El Tejon Hotel.

The trial court apparently based its judgment in favor of plaintiff on the sole ground that the arrest of plaintiff was illegal because it was made at a time when the plaintiff was not then and there guilty of a breach of the peace and that a period of approximately one-half hour elapsed between the first breach of the peace by respondent and his arrest; and that under the circumstances, the arrest was not authorized under the provisions of section 837 of the Penal Code which provides that a private person may arrest another for a public offense committed or attempted in his presence.

■ A private person may arrest another for a public offense committed or attempted in his presence. (Pen. Code, § 837, subd. 1.) ■ However, an arrest for a misdemeanor without a warrant cannot be justified if made after the occasion has passed, though committed in the presence of the person making the arrest. (*People* v. *Craig,* 152 Cal. 42, 47 [91 P. 997].) ■ In *Jackson* v. *Superior Court,* 98 Cal. App.2d 183, 188 [219 P.2d 879], it was held that in order to justify an arrest without a warrant the arrestor must proceed as soon as may be to make the arrest. And if instead of doing that he goes about other matters unconnected with the arrest, the right to make the arrest without a warrant ceases, and in order to make a valid arrest, he must then obtain a warrant therefor. Section 67 in volume 4 of American Jurisprudence, page 46, is cited therein as stating the rule applicable. That section provides in part that a private person making an arrest must act promptly at the time of the offense; that in order to justify a delay there should be a continued attempt on the part of the person apprehending the offendor to make the arrest; that he cannot delay for any purpose which is foreign to the accomplishment of the arrest; that if an officer sees an affray and calls other officers to his assistance, the fact that the actual arrest is made after the affray is over does not make the arrest without a warrant illegal; that the shortness of the interval does not really determine whether the right to make

the arrest without a warrant exists, but the delay merely throws light on the question whether the arrest was made as soon as the circumstances permitted; that a delay by an officer of half an hour in order to procure help in making the arrest may be reasonable, while a delay of two hours may be unreasonable, especially if the officer meanwhile is doing nothing connected with the arrest; that where the facts are undisputed, the question as to what is a reasonable time within which an officer may make an arrest without a warrant is a matter for the court to determine.

In the present case it is undisputed that the arrest took place within a very few minutes after respondent Hill ceased making the remarks which led to his arrest. Hill testified that he was placed under arrest "within a matter of a few minutes—pretty soon—roughly 25 minutes after Levy spoke to him." In this connection Levy testified that the objectionable remarks continued after he first spoke to Hill. One witness testified that the officers came possibly 10 minutes or more after Hill left the room and talked to the hotel manager. Another witness testified that not more than 5 or 10 minutes at the most elapsed after Levy left the room until the officers arrived. No one testified that a half hour elapsed from the time of the completion of the breach of the peace until the officers arrived and the arrest was made. The shortness of the time between the commission of the offense and the arrest is not the controlling factor in determining the lawfulness of the arrest. It is material only in determining whether the arrest was made within a reasonable time and as soon as the circumstances permitted. The evidence shows without question that Levy, after hearing objectionable remarks by Hill and his party, approached Hill and stated that if Hill did not "shut up" he would call a "cop" and have him arrested. It is apparent that Levy might have experienced considerable difficulty in making the arrest without help. In this connection Hill stated that it would be a waste of time to call only one officer. Levy then made an unsuccessful attempt to get help from the hotel manager and immediately thereafter called the officers. It does not appear that he went about other matters unconnected with the arrest or that he left the scene until after it was made. It is our conclusion that, under the circumstances shown by the record, Levy made the arrest within a reasonable time and that the trial court erred in holding that it was then unlawful.

Appellant contends that the third cause of action of the amended complaint herein fails to state sufficient facts. We are in accord with this contention. It is alleged therein, in substance, that the defendant by force compelled the plaintiff to go with him to the police office and there imprisoned and detained him without probable cause or without any right or authority so to do, injuring plaintiff in his credit and reputation to his damage. A cause of action for false imprisonment is not stated because it is not alleged that the imprisonment was made without a warrant. (*Evans* v. *Wixom*, 38 Cal.App. 542, 543 [176 P. 873].) Facts were not pleaded showing that the imprisonment was unlawful. (*Dillon* v. *Haskell*, 78 Cal.App.2d 814, 816 [178 P.2d 462].) The mere allegation that restraint was without right or authority is but a conclusion of law and insufficient and does not obviate the necessity of alleging facts showing wherein the illegality or lack of authority lies. (*Burlingame* v. *Traeger*, 101 Cal. App. 365, 369 [281 P. 1051].)

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.