[Civ. No. 9654.   Third Dist.   Nov. 19, 1959.]

EDWARD COVINGTON et al., Plaintiffs and Appellants, v. MARVIN D. CLARK et al., Defendants and Appellants.

450

Daniel Dennis and Peter B. Van Gelder for Plaintiffs and Appellants.

Morrow & Roberts for Defendants and Appellants.

VAN DYKE, P. J.—This is an appeal from a judgment following submission upon a stipulation as to facts and issues.

The stipulated facts may be sufficiently summarized as follows: Plaintiffs Edward and Pearl Covington agreed to sell to Marvin D. and Myrtle M. Clark certain real and personal property by a conditional contract of sale whereunder the Clarks went into possession of the property. Payments were maintained in accordance with the contract. The parties agreed that if the Clarks defaulted in the payment of money or the performance of any other promise made by them the Covingtons could be released from the obligation to convey, in which case the interest of the Clarks would terminate, and the Covingtons could repossess the property and retain all payments made as liquidated damages for default. The Covingtons also, in case of default, would have any rights or remedies given by law though not specially mentioned in the contract. If the Clarks defaulted and the Covingtons found it necessary to recover possession of the premises by suit, the Clarks were obligated to pay to them reasonable attorney fees for the prosecution of the action. Neither the agreement nor any interest therein were assignable by the Clarks unless the Covingtons consented in writing. Prior to the controversy herein the Covingtons gave the Clarks a bill of sale of the personal property involved. Some four and one-half years after the parties made the agreement, the Clarks executed with the Postnikoffs a conditional contract to sell the same realty involved in the first contract and delivered possession. They gave no notice of this transaction to the Covingtons. The

second contract was dated August 24, 1956. The September payment on the Covington-Clark contract was made and accepted, but at that time the Covingtons had no knowledge of the Clark-Postnikoff contract. Before the October first payment fell due, the Clarks tendered to the Covingtons the October monthly payment and the Covingtons refused to accept. On September 28 the Clarks wrote the Covingtons, again tendered the October payment in the form of a cashier's check, but on October 3 the Covingtons wrote the Clarks, returning the check and made a demand for immediate possession of the property. On October 17 they began this action. On October 23 the Clarks deposited a certified check in the sum of $11,421.05 with a title company with instructions to pay the money to the Covingtons upon delivery by them for the Clarks of a grant deed, and a policy of title insurance in the sum of $22,500, being the amount of title insurance which the Covingtons had in their contract with the Clarks agreed to furnish upon transfer of title. The Covingtons were given notice of the deposit. The Clarks asserted that the deposited sum was the full amount due, to and including October 23, 1956, the date on which they had mailed their notice of tender, but admittedly the total sum did not include attorney fees for the action which was then pending. The Covingtons claimed the deposited sum was $6.57 less than the true amount due and that the deposit should have included attorney fees.

Having stipulated to the facts, the parties further stipulated that the issues to be decided by the court were the following: (1) Did the Clarks breach the Covington-Clark contract by executing the Clark-Postnikoff contract? (2) If they did so breach the contract then (a) were the Covingtons entitled to recover possession and have their title quieted? (b) did the defendants Clark and Postnikoff have a right to cure the breach by their tender of October 3, 1956, effective on the date on which it was deposited in the mail, addressed to the Covingtons, or, was the tender effective on the following day on which the Covingtons received notice of it? (d) what was the correct amount of tender required on the effective date thereof? (e) was the tender a good tender? (f) if the Covingtons were entitled to attorney fees, what would be a reasonable sum under the circumstances? Having so stipulated, the parties further agreed that the cause be submitted to the court for decision upon the pleadings on file and upon the stipulation of facts.

The court entered judgment as follows: (1) That plaintiffs

452

take nothing by reason of their complaint; (2) that within 10 days after notice of entry of judgment the Covingtons should convey the property to the Clarks, and the Clarks should pay the Covingtons the balance of the purchase price fixed by the court at $12,005.88. (This sum, as will be seen, included simple and compound interest.)

It is clear from the record that the trial court determined the execution of the Clark-Postnikoff contract did not violate the covenant against assignment contained in the Covington-Clark contract. This ruling, of course, disposed of the claim for attorney fees and left nothing for the court to do save, responsive to the pleadings, specifically enforce the contract. Such enforcement the court ordered although it did not include in its decree the usual provisions that if either party refused to obey the court's decree, further action would be taken by the court to enforce it.

■ The court's ruling that the execution of the Clark-Postnikoff contract did not violate the provisions of the Covington-Clark contract against assignment was correct. The Clark-Postnikoff contract, being simply a contract upon the part of the Clarks to sell the property to the Postnikoffs did not constitute an assignment or transfer to the Postnikoffs of the Clarks' interest in the property or of the Clarks' interest in or under the contract. It established no privity of contract between the Postnikoffs and the Covingtons. (*Stratton* v. *California Land etc. Co.*, 86 Cal. 353, 360-361 [24 P. 1065]; *Bishop* v. *Barndt*, 43 Cal.App. 149, 156 [184 P. 901]; 50 Cal. Jur.2d, Vendor and Purchaser, § 124, p. 163.) ■ It is to be noted that a covenant against assignment is to be strictly construed. (*Stevinson* v. *Joy*, 164 Cal. 279, 286 [128 P. 751].)

■ Respondents have cross-appealed from that portion of the court's judgment which added simple and compound interest to the amount declared by the court to be due as the balance of the purchase price. As was stipulated the progress payments were all made when due, and the October 1st payment which had been tendered was rejected. The Clarks were not in default when in October, though after the commencement of the action herein, they tendered the balance of the purchase price. By the contract they had the right to pay the balance at any time and receive the deed. When their offer to pay the balance of the purchase price in exchange for a conveyance had been rejected, the Clarks deposited the sum by way of a certified check which they placed with a title company for the purpose of closing the transaction, giving

to that company instructions to pay the money over to the Covingtons when their obligations at transfer time were performed. The sum tendered was $11,421.05. It did not include interest beyond the date of deposit. It is argued that it was shy one day's interest even on the basis that there was no default, but no objection was made on this ground and the amount is too small to require attention here. "An offer of payment or other performance, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof." (Civ. Code, § 1504; see also *Rose* v. *Hecht,* 94 Cal.App.2d 662, 665 [211 P.2d 347].) The court erred in charging interest under the circumstances shown by the record.

The judgment specifically enforcing the contract of sale between the Covingtons and the Clarks is affirmed, save that the judgment is reversed in part as to the interest allowance. The cause is remanded to the trial court with instructions to redetermine the amount of interest to be paid and to proceed thereafter to the enforcement of its decree. Respondents shall recover costs.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.