[Sac. No. 2248.    Department One.—June 8, 1916.]

## JOHN WESLEY GIBBONS, Respondent, v. YOSEMITE LUMBER COMPANY (a Corporation), et al., Appellants.

TRANSFER OF TITLE TO LAND—ADVERSE POSSESSION.—Title to real estate cannot be transferred except by an instrument in writing, or by such adverse possession as would be sufficient to create title by prescription.

ID.—PAYMENT OF TAXES ESSENTIAL TO ADVERSE POSSESSION.—A person who entered into the possession of land, after the amendment of 1878 to section 325 of the Code of Civil Procedure, under an oral agreement with the owner for its conveyance to him, cannot acquire title by adverse possession, if he has never paid the taxes levied and assessed upon the land.

ID.—JUDGMENT ESTABLISHING EXISTING TITLE—RIGHT TO SPECIFIC PERFORMANCE.—A judgment decreeing such possessor to be the owner of the land, rendered in an action brought by him merely to determine his alleged existing title as against the holders of the record title, cannot be sustained on the theory that his partial performance of the oral agreement under which he took possession entitled him to specific performance of the agreement.

APPEAL from an order of the Superior Court of Merced County refusing a new trial.    E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Ostrander, Tuttle & Ostrander, J. W. Dorsey, and J. J. Griffin, for Appellants.

F. W. Henderson, and Brickley & Schino, for Respondent.

SLOSS, J.—The action involves the ownership of a tract of forty acres of land situate in Merced County. The judgment declares that plaintiff is the owner of the property. The defendants appeal from an order denying their motion for a new trial.

The appellants attack the sufficiency of the evidence to sustain the findings bearing on the issue of title. It is conceded that in 1888 John L. Ivett was the owner of the land. The record title remained in Ivett until his death, which occurred in 1890. Thereafter it passed, by mesne conveyances, to the Yosemite Lumber Company. The defendants Spears, Blake, and Minor, as trustees of the Merced Falls School District, claim a part of the tract under a conveyance made by the Yosemite Lumber Company since the commencement of this action.

The plaintiff never received any conveyance or other written instrument from Ivett. He relied on adverse possession and on an oral agreement between Ivett and himself. During Ivett's life, stockmen, driving bands of sheep toward the mountains, were in the habit of grazing their animals on the lands through which they passed. Ivett was the owner of large tracts adjoining the forty acres in controversy. The plaintiff introduced testimony tending to show that, in 1888, Ivett agreed that he would deed this forty acre piece to him, if he (plaintiff) would go on the land and keep the sheep off of Ivett's remaining lands for a period of two years. Pursuant to this understanding, Gibbons built a house, two chicken-houses, a toilet, and a barn on the land in controversy, and moved on it. He has lived there with his family ever since. There was testimony that he complied with his agreement by requiring sheepmen to keep their sheep off of Ivett's land for two years. Before any conveyance had been made, Ivett died.

The forty acre tract was not fenced, and Gibbons never paid any taxes on it. The taxes were paid by the defendants or their predecessors in interest. The only testimony regarding Gibbons' use of the land was his own statement that he "had his milk cows on it and horses and whatever he wanted to turn on it;" that he "grazed on it."

The evidence was entirely insufficient to support the finding that plaintiff was the owner of the land. Title to real estate cannot, of course, be transferred except by an instrument in writing (Code Civ. Proc., sec. 1091; *Fudickar* v. *East Riverside Irr. Dist.*, 109 Cal. 29, [41 Pac. 1024]; *Moore* v. *Hamerstag*, 109 Cal. 122, [41 Pac. 805]) or by such adverse possession as would be sufficient to create title by prescription. There was no adequate showing of a title by adverse possession. The plaintiff had never paid the taxes levied and assessed upon the land, and such payment has, ever since 1878, been an essential element of adverse possession under our code. (Code Civ. Proc., sec. 325.) There is no occasion, therefore, to inquire whether there was a sufficient showing of the actual occupancy of the entire forty acres necessary to constitute adverse possession in a case like this, where the claim of ownership is not founded upon a written instrument, judgment, or decree. (Code Civ. Proc., secs. 324, 325.)

The finding that plaintiff is the owner of the land is, therefore, unsupported. It is argued by respondent that the judgment in his favor may be supported on the theory that the defendants acquired the legal title with notice of his equities, and that he is entitled to a decree compelling them to convey. A conveyance so ordered would, it is said, leave the parties in substantially the position in which the judgment already entered places them.

It may be that there has been such partial performance of an oral contract to convey as would meet the defense of the statute of frauds, and that the plaintiff could establish a right to have the agreement specifically enforced. But the pleadings are not so framed as to present the issues embraced in an action for specific performance. The relief sought and granted was the determination of an existing title. There was no attempt to compel compliance with a contract to convey. A decree for specific performance cannot be supported in the absence of allegation and finding that the contract was just and reasonable and the consideration adequate. (Civ. Code, sec. 3391; *White* v. *Sage*, 149 Cal. 613, [87 Pac. 193].) If the plaintiff desires to assert his right to have the legal title conveyed to him, his only course is to seek this relief by appropriate pleadings directed to that

end, either in a new action or by application to the court
below for leave to file an amended complaint. We are not,
of course, expressing any opinion on the question whether
such leave should or should not be granted. Nor, we may
add, are we intimating any view regarding the sufficiency
of the evidence to show that the appellants, successors to
Ivett's title, took with such notice of plaintiff's claim as
would make their ownership subject to plaintiff's rights under
the alleged contract.

The order denying a new trial is reversed.

Shaw, J., and Lawlor J., concurred.