[Civ. No. 3176. First Appellate District, Division One.—March 8, 1920.]

## DANIEL S. O'CONNELL et al., Appellants, v. NELLIE A. FOWLER et al., Respondents.

[1] Specific Performance — Exchange of Real Properties.— Adequacy of Contract—Just and Reasonable Contract.—In an action to compel the specific performance of an executory agreement for the exchange of real properties, the plaintiff must allege and prove that the consideration provided for in the agreement is adequate and that the agreement is just and reasonable as to the defendants.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hendee & Rodabaugh and H. C. Ryan for Appellants.

Adam Thompson for Respondents.

. KNIGHT, J., *pro tem.*—This is an appeal from a judgment in favor of defendants in an action brought to compel specific performance of an agreement for the exchange of real properties between plaintiffs and the defendant Fowler.

The following are, in substance, the facts of the case: On February 16, 1917, plaintiffs were the owners of two parcels of real property situate in San Diego County, one parcel being subject to a mortgage of ten thousand dollars and the other to a mortgage of five hundred dollars and certain street improvement bonds, which property they agreed to exchange for certain unimproved property situate in the county of Los Angeles belonging to the defendant Fowler. · On said sixteenth day of February, 1917, deeds covering their properties were executed by the respective parties and delivered in escrow to the defendant Title Company, together with two sets of instructions, one set being signed by plaintiffs and the other by the defendant Fowler. There were no conditions required to be performed by the defendant Fowler prior to the final delivery of the deeds, but plaintiffs were required to adjust the interest on their mortgages to date and were to obtain a statement from the holder of one of the mortgages that there was not more than five hundred dollars due on that mortgage. Plaintiffs also agreed to hand to the escrow holder "sufficient [money] to Redeem the Middletown Property of the Street Bonds and to adjust the interest on Mortgages." The defendant Title Company was instructed to prepare certificates of title, and the transaction was to be closed within ten days or the deeds returned to the respective parties. Three days subsequent to the delivery of the deeds in escrow to the Title Company the defendant Fowler notified said Title Company, in writing, to proceed no further with the transaction. The

reasons given therefor were as follows: "The ground and reasons for this notification to you is on account of the false and fraudulent representations made to me with reference to the value of the property which I am about to receive under said escrow instructions and transfer of said property. Had I known the value of the property that I was about to receive under the escrow instructions I would not have signed said escrow instructions. This will be your authority for refusing to do anything further in the premises. You are hereby notified to notify Mr. and Mrs. O'Connell of this revocation. Also any other Title Company interested in bringing down the title for either of the parties mentioned in said escrow instructions."

Accordingly, said Title Company did nothing further. It thereafter refused to make final delivery of the deeds to the grantees therein named or to return the deeds to the respective grantors. This action was commenced on April 5, 1917, to compel specific performance of the agreement.

Plaintiffs' case was presented and tried upon the theory that the transaction for the exchange of said properties constituted an executory contract, and pursuant to that theory they alleged in paragraph VII of their complaint that they had performed all of the conditions required of them by said escrow agreement to be performed, and that the transaction was "fair, just, and reasonable in all its parts, and the consideration being so paid by such exchange by these plaintiffs to the said defendant, then was and now is and at all times since the execution of said agreement has been an adequate price for said property so agreed to be conveyed to these plaintiffs by the said defendant."

The defendant Fowler denied that plaintiffs had performed the conditions imposed upon them by the escrow agreement, and denied that the agreement for the exchange of said properties was a fair, just, or reasonable one, or that there was adequate consideration therefor. As a further and separate defense, defendant Fowler charged plaintiffs with having made false and fraudulent representations to her concerning the value and character of their properties.

The action was tried by the court without a jury, and the court found that there were no false or fraudulent representations, but found that there was an inadequacy of consideration. The court further found that said plaintiffs

had not performed the conditions imposed upon them by the terms of said escrow agreements, and judgment was thereupon rendered in favor of defendants, from which plaintiffs appeal.

It is the contention of appellants on this appeal that inasmuch as defendant Fowler sought to rescind the agreement upon the single ground of fraud that she ratified the agreement in all other respects and was afterward prohibited from urging the defense of inadequacy of consideration, and that since the court found against said defendant upon the issue of fraud, which constituted the ground of rescission, the court was without legal power to annul the agreement on any other ground.

While we do not subscribe to the correctness of appellants' contention in this respect, for the reason that fraud and inadequacy of consideration are separate and distinct doctrines (*Newman* v. *Freitas*, 129 Cal. 283, [50 L. R. A. 548, 61 Pac. 907]), the one being a defense which a defendant must allege and prove following a rescission, while the other is a matter for the plaintiff to affirmatively allege and prove before he is entitled to relief (*Stiles* v. *Cain*, 134 Cal. 170, [66 Pac. 231]; *White* v. *Sage*, 149 Cal. 613, [87 Pac. 193]), that question becomes quite immaterial in view of the fact that the judgment must ultimately be affirmed upon the ground that plaintiffs' complaint failed to state a cause of action after it had been amended by plaintiffs, in the following manner: After the evidence was closed and prior to the submission of the cause to the court for decision, plaintiffs requested and were granted permission to file an amendment to their complaint, whereby they struck from the complaint all of paragraph VII, which embodied those essential allegations as to the fairness of the transaction and the adequacy of consideration. Plaintiffs' purpose in striking out said paragraph VII was doubtless to strengthen their theory that defendant Fowler, by failing to incorporate the ground of inadequacy of consideration in her notice of rescission, had waived her right to avoid the contract on that ground, and plaintiffs sought by such amendment to entirely eliminate that issue from the case. The amendment, however, accomplished just the opposite effect. Instead of

strengthening their complaint, they took from it the vital parts that gave it life. The complaint, by reason of the amendment, was emasculated in such a way as to render it entirely insufficient in stating a cause of action. [1] As the complaint stood when the cause was submitted to the trial court for decision, it was entirely void of any allegations that the transaction was fair, or that the consideration was adequate. Such allegations and the proof in support of them were absolutely essential to plaintiffs' recovery. (*Joyce* v. *Tomasini,* 168 Cal. 234, [142 Pac. 67]; *White* v. *Sage,* 149 Cal. 613, [87 Pac. 193]; *Gibbons* v. *Yosemite Lumber Co.,* 172 Cal. 714, [158 Pac. 196]; *Bishop* v. *Barndt,* 43 Cal. App. 149, [184 Pac. 901]; *Ehrhart* v. *Mahoney,* 43 Cal. App. 448, [184 Pac. 1010].) This same question arose on demurrer to the complaint in the case of *Joyce* v. *Tomasini, supra,* and it was said: "We think the demurrer should have been sustained. The contract is sued on as an executory agreement to execute a lease, in substance an agreement to grant an estate for years in a parcel of land. The object of the action is to enforce specific performance of this executory agreement. The Civil Code, following the settled doctrine of equity jurisprudence, declares that specific performance of an executory contract cannot be enforced against a party, if he has not received an adequate consideration therefor, or if it is not, as to him, just and reasonable. (Section 3391.) It is well established as a rule of pleading in such cases that the plaintiff, in order to allege a good cause of action, must set forth facts which show that the consideration provided for in the contract sought to be enforced is adequate, and that the contract is just and reasonable to the defendant. A complaint which fails to state such facts does not state a cause of action to enforce such contract." And in *Gibbons* v. *Yosemite Lumber Co., supra,* it was said: "A decree for specific performance cannot be supported in the absence of allegation and finding that the contract was just and reasonable and the consideration adequate."

The further question of the necessity of the performance by plaintiffs of the conditions of the escrow agreement is of no importance, in the absence of an averment and proof on the part of plaintiffs of the fairness and reasonableness

of the agreement. (*Porter* v. *Anderson,* 14 Cal. App. 716–724, [113 Pac. 335].)

Judgment affirmed.

Richards, J., and Waste, P. J., concurred.