[L. A. No. 9568. Department One.—November 19, 1928.]

GEORGE P. GORDON, Appellant, v. ANNIE BOYLE DUFRESNE, Respondent.

Neil S. McCarthy, George J. Stoneman and Earl L. Banta for Appellant.

William L. Kuehn and Arthur S. Loveland for Respondent.

PRESTON, J.—This is an action to enforce specific performance of the option clause contained in a written agreement of lease and option entered into by defendant as lessor with plaintiff as lessee, which provided, in part, as follows: "That the said Lessor has letten . . . and the said Lessee has hired and taken . . . Lots (describing lots 11–18, inc., Los Angeles county) . . . for a period of two years . . . at the total rent of . . . $600, payable . . . in equal monthly payments of $25.00, in gold coin of the United States of America, it is also expressly agreed by the Lessor that Lessee may at any time within the time this lease is in force & effect, purchase the within named lots for the sum of $6000, payable $1500 at the time of exercising this option to purchase, $1500 one year thereafter, $1500 two years thereafter and $1500 three years thereafter, with interest on the deferred payments at the rate of 8% per annum payable annually. . . . "

Within said two-year period plaintiff, desiring to exercise said option to purchase, tendered to defendant the sum of $1,500 as first installment of said purchase price of $6,000 and as a part of his pleading offered to pay into court all further sums due under the contract and to perform any other covenant required of him thereunder. Defendant refused to accept the tender, to make, execute and deliver to plaintiff a good and sufficient deed to said property, or to otherwise fulfill the terms of her covenant. This action to compel specific performance resulted.

■ Upon the pleadings and the evidence the court found that no consideration was paid to defendant by plaintiff for said option to purchase; that said property had a substantial rental value; that the rent money was not, and was not intended to be, a part of any consideration for said option and that defendant recalled and withdrew said option and it was canceled and annulled prior to any offer, acceptance or compliance therewith by plaintiff. No findings were made upon any of the other issues tendered by the pleadings, to prove which evidence was adduced. The court concluded as a matter of law that the part of said lease granting the option was wholly without consideration and a mere *nudum pactum* from which defendant had the legal right to and did withdraw prior to offer or compliance therewith by plaintiff and her action in so doing operated to cancel the option and relieve her from liability thereon. Judgment accordingly was entered for defendant, and plaintiff now appeals.

The question of the divisibility of lease and option agreements of the type here presented has been before this court many times and it has been many times decided that such agreements are not severable but that, on the contrary, the lease and option form one document, the provisions of which are interdependent, and the covenant to pay rent or do other acts supports the option as well as the right to occupy the premises. (*Prichard* v. *Kimball,* 190 Cal. 757 [214 Pac. 863]; *Cates* v. *McNeil,* 169 Cal. 697 [147 Pac. 944]; *Hall* v. *Center,* 40 Cal. 63; *De Rutte* v. *Muldrow,* 16 Cal. 505; 35 Corpus Juris, pp. 1038, 1039.) There is no material variance between the wording of the agreements under consideration in the above cases and the wording of the provisions before us which would serve to distinguish said cases and make inapplicable here the rule therein announced.

The judgment of the trial court, which is based solely upon said incorrect conclusion of law, is therefore reversed.

Curtis, J., and Seawell, J., concurred.