[Civ. No. 13789.   First Dist., Div. Two.   Nov. 30, 1948.]

ARTHUR R. BELL et al., Respondents, v. ROBERT C. MINOR et al., Appellants.

Hubbard & Hubbard for Appellants.

John B. Ehlen for Respondents.

DOOLING, J.—This is an appeal from a decree of specific performance. By a lease dated September 5, 1945, the appellants Minor as lessors rented to respondents Bell as lessees a dwelling house, excluding a basement apartment, for one year at $90 per month. The lease contained the following provisions giving respondents an option to purchase the property.

"Thirty days before termination of this lease an option is hereby given lessees by lessors to purchase said premises for $8,750 cash. If option is not taken up during said 30 days, lessors are privileged to sell property elsewhere. . . . Lessees agree that notice in writing will be given lessors thirty days before termination of this lease stating lessees intention regarding option."

In January, 1946, the Office of Price Administration fixed the maximum rental for this property at $55 per month and thereafter lessees paid only this amount. On July 27, 1946, by writing delivered to appellants respondents accepted the option to purchase at the price of $8,750. Appellants objected on the ground that the balance of unpaid rental provided for in the lease, amounting to $245, should also be paid and respondents expressed a willingness to pay the $245 if an icebox and a stove belonging to appellants were left for their use until they could replace them. Respondents opened an escrow with a title company on August 6, 1946, and on August 26, 1946, appellants deposited in escrow a deed of the property to respondents with the title company. There were certain restrictions on the use of the property of record and respondents testified that while they were giving consideration to these restrictions they delayed depositing the purchase price in the escrow. In the meantime appellants on September 5, 1946, inquired of respondents why the purchase price had not been deposited and on the same day, or on September 11 (the testimony on that matter being in

conflict) removed the stove and icebox. On September 11, 1946, appellants notified the title company to return their deed to them and on September 12, respondents deposited $8,750 as the purchase price with the title company and filed a written waiver of the restrictions of record.

The primary claim of appellants is that as a condition to the exercise of the option to purchase respondents were bound to pay the difference between the $90 rental provided in the lease and the $55 rental fixed by the O.P.A.

The question is a novel one and no controlling authority has been cited to us. ██ The provisions of the lease, including the rental to be paid, furnish the consideration for the option to purchase. (*Cates* v. *McNeil*, 169 Cal. 697 [147 P. 944]; *Gordon* v. *Dufresne*, 205 Cal. 512 [271 P. 1066].) ██ However at the time the lease was executed the federal rent control legislation had been enacted by the Congress and the parties contracted with the knowledge that the rental fixed in the lease might be reduced by the O.P.A. "[A]ll applicable laws in existence when an agreement is made necessarily enter into it and form a part of it as fully as if they were expressly referred to and incorporated in its terms." (6 Cal.Jur. 310-311; 4 Cal.Jur. 10 Yr.-Supp., 1943 Rev., 138.) The court found that the lease was drafted by appellants, which compels its construction most strongly against them. (*Pacific Lbr. Co.* v. *Industrial Acc. Com.*, 22 Cal.2d 410, 422 [139 P.2d 892].) ██ Knowing that the rental might be reduced by the O.P.A. appellants could easily have made provision in the lease drawn by them that in case of such reduction they should receive the difference between the rental fixed by the O.P.A. and that provided in the lease in case the option was exercised. They did not do so and it must be assumed that they elected to take their chances on a possible reduction of the rent by the O.P.A. The rental provisions were stated separately from the purchase price, which was fixed at $8,750 without any qualification. The lessees fully performed their rental agreement as modified by the O.P.A. and the contract was made with the possibility of such modification by the O.P.A. as one of its terms implied in law. The case is different from that provided for in "Rent Regulation for Housing with Official Interpretations, Revised July 1, 1945" section 2(c), which treats of leases with options to purchase where "some or all of the payments made under the lease should be credited toward the purchase price in the event such option is exercised." The provisions of that section

can have no application to this case because the lease nowhere provides that the rental payments provided for shall form any part of the purchase price.

■ Appellants also claim that the deposit of $8,750 on September 12, 1946, was made too late. They point to the provision of the option: "If option is not taken up during said 30 days, lessors are privileged to sell property elsewhere," and argue that "take up" means "pay" and not "accept." It may mean either. (See Webster's New International Dictionary, 2d Edition, "take up" definitions "p" and "q.") If it is to be construed as "pay" and not as "accept" the provision for exact time of payment could be waived. (*Boone* v. *Templeman*, 158 Cal. 290, 294-5 [110 P. 947, 139 Am.St.Rep. 126]; *Hunt* v. *Mahoney*, 82 Cal.App.2d 540, 545-6 [187 P.2d 43].) Appellants did not assert that payment should be made before September 5, 1946, but in fact allowed their deed to remain in escrow until September 11 while the only controversy suggested by them was the amount to be paid, not the time of payment. On September 5, appellants inquired why the money had not been deposited but did not suggest that that was the last day on which it could be deposited. We think that a waiver sufficiently appears. In any event performance one day after appellants withdrew their deed could be excused. (*Breitman* v. *Gattman*, 88 Cal.App.2d 124 [198 P.2d 311].)

Appellants complain that Mrs. Minor was not allowed to testify that she would not have given the option if she had known that $90 per month rent would not be paid. The court properly excluded the testimony ■ A contract cannot be varied by the undisclosed intention of one of the parties. (*Brant* v. *California Dairies, Inc.*, 4 Cal.2d 128, 133 [48 P.2d 13].)

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 27, 1949. Schauer, J., voted for a hearing.