[Civ. No. 7157. Fourth Dist. Feb. 28, 1964.]

WENEDA CORPORATION, INC., Plaintiff and Respondent, v. FRANK DISPALATRO et al., Defendants and Appellants.

John H. Gordon, John H. Hinchey and Arthur M. Olson for Defendants and Appellants.

Frank J. Remer and Arthur V. Jones for Plaintiff and Respondent.

COUGHLIN, J.—This is an appeal from a judgment decreeing specific performance of a contract for the sale of real property.

On July 21, 1959, the plaintiff and the defendants signed written escrow instructions by virtue of which the former agreed to buy and the latter agreed to sell certain real property for the sum of $20,000. The plaintiff paid the defendants $500 outside of escrow, and agreed to deposit with the escrow holder $4,500 in cash and eight promissory notes, each in the sum of $1,875, secured by deeds of trust upon the subject property. The money, notes, and deeds of trust were to be delivered to the defendants when the escrow holder was able to issue its policy of title insurance showing title to the subject property vested in the plaintiff subject only to current taxes, restrictions and easements of record, and the eight deeds of trust to be executed by the plaintiff. The defendants agreed to place with the escrow holder all ''papers required to vest title'' in the plaintiff as aforesaid. The escrow instructions also contained the following provisions: (1) ''Completion of this escrow is contingent upon buyer's approval of the preliminary title report . . .''; and (2) ''You [the escrow holder] have 120 days within which to comply with these instructions and additional time as may be required provided written demand to cancel by any party is not handed you after the time given to comply.'' The preliminary title report, which was made on July 28, 1959, showed that the defendants did not have a clear title to the whole property which they agreed to sell; that Jessica B. Coffin owned an undivided 47/112 interest in the subsurface rights therein together with the right to use the surface thereof for the development and extraction of oil and other hydrocarbon substances that may be contained in the land. The defendants contended that they owned the whole of the subject property and did nothing to clear their title of the cloud referred to in the preliminary title report. The escrow was not closed within the 120-day period designated in the instructions. In June 1960, which was 11 months after opening of escrow, the defendants filed with the escrow holder a notice in writing to cancel and terminate the escrow. The plaintiff was advised of this cancellation. Six months later, viz., in January 1961, the plaintiff obtained a quitclaim deed

transferring to it all of the interest of Jessica B. Coffin in the subject property and made a demand upon the defendants to comply with the escrow agreement. The defendants refused, stating that they were not then interested in selling the property. Thereupon the plaintiff brought the instant action; judgment was entered in its favor; and the defendants appealed.

The complaint alleged and the court found that the plaintiff had ''performed all of the promises and agreements on his part provided to be performed in the contract of sale and purchase'' in question. The judgment entered thereon required the defendants to convey the subject property to the plaintiff; to deliver a deed effecting such to the escrow holder; to instruct the latter to disregard their former notice of cancellation; and to further instruct it to proceed with the escrow; but did not require the plaintiff to do anything. The defendants contend that the evidence is insufficient to support the finding that the plaintiff had performed all of the agreements and promises on its part to be performed under the contract. This contention is meritorious. The evidence establishes without equivocation that the plaintiff never deposited with the escrow holder the $4,500 in cash, or the eight promissory notes and deeds of trust securing the same, as it had agreed. ■ Obviously, the judgment was based on the fact, as found, that the plaintiff had fulfilled its part of the agreement and, as a consequence, made no provision requiring it to do so as a condition concurrent to the performance of the defendants' agreements in the premises. This was error. ■ A decree directing specific performance of a contract of sale should define the rights and obligations of both the buyer and the seller. (*Ellis* v. *Rademacher,* 125 Cal. 556, 558-560 [58 P. 178] ; *Greenstone* v. *Claretian Theological Seminary,* 173 Cal.App.2d 21, 37 [343 P.2d 161].)

■ The judgment also is in error because the conclusion of law upon which it is based is not supported by the findings of fact. The trial court concluded from the facts found by it that ''it is equitable and feasible that Defendants be specifically ordered to comply with the original Escrow Agreement of the parties.'' However, the findings of fact upon which the court based its decision did not include a finding that the contract was just and reasonable and the consideration for the sale by the defendants to the plaintiff was adequate and, for this reason, did not support the judgment. ■ It is fundamental that a decree of specific per-

formance cannot be supported in the absence of a finding that the contract was just and reasonable and the consideration adequate. (Civ. Code, § 3391; *Gibbons* v. *Yosemite Lumber Co.,* 172 Cal. 714, 716 [158 P. 196]; *O'Connell* v. *Fowler,* 46 Cal.App. 460, 464 [189 P. 322]; *Morgan* v. *Dibble,* 43 Cal.App. 116, 121 [184 P. 704].)

■ In similar vein the plaintiff's complaint failed to state a cause of action for specific performance because it did not allege that the subject contract was fair and reasonable or that the consideration for the sale was adequate. The plaintiff contends that the evidence was sufficient to support such an allegation; that the defendants did not demur to the complaint; and, therefore, the deficiencies in question will not defeat the judgment. However, in each of the cases upon which the plaintiff relies in support of this contention the trial court had made a finding, supported by substantial evidence, that the contract there involved was fair and reasonable and was based upon an adequate consideration. The testimony upon which the plaintiff relies in support of its claim that the evidence is sufficient to establish that the instant contract was fair and reasonable and the consideration therefor was adequate is of dubious substantiality, and at the most only would furnish the basis for an inference that such was the fact. As there is no finding upon the subject, it cannot be determined whether the trial court drew such an inference. The deficiency of the findings in the respects noted was fatal.

As there must be a new trial of this matter, it is proper that we consider a further issue raised on appeal. The defendants contend that by the terms of their contract they were entitled to cancel and terminate the same because, within the 120-day completion period specified therein, the plaintiff had not deposited in escrow the cash, notes and deeds of trust in performance of his part of the contract.

■ The 120-day provision in question did not make time of the essence of the contract. (*Groobman* v. *Kirk,* 159 Cal. App.2d 117, 124-125 [323 P.2d 867]; *Katemis* v. *Westerlind,* 120 Cal.App.2d 537, 543-544 [261 P.2d 553]; *Lifton* v. *Harshman,* 80 Cal.App.2d 422, 426, 433-434 [182 P.2d 222].) Under these circumstances, the time for performance was a reasonable one. (Civ. Code, § 1657; *Greenstone* v. *Claretian Theological Seminary, supra,* 173 Cal.App.2d 21, 32.) ■ In addition, the contract in question is one under which performance by the plaintiff on its part thereof was not a condition precedent to performance by the defendants of their

part. Instead, the performance of each was concurrently conditional upon performance by the other. (*Greenstone* v. *Claretian Theological Seminary, supra,* 173 Cal.App.2d 21, 33; *Groobman* v. *Kirk, supra,* 159 Cal.App.2d 117, 123-126.) ''Neither party to such a contract can place the other in default unless he is able to perform or tender performance.'' (*Brant* v. *Bigler,* 92 Cal.App.2d 730, 733 [208 P.2d 47]; In accord: *Diamond* v. *Huenergardt,* 175 Cal.App.2d 214, 220 [346 P.2d 37].) As a consequence, the defendants were not in a position to place the plaintiff in default and terminate the escrow on account thereof, because they never were able to perform their part of the contract as they could not deliver a clear title.

■ As performance by the plaintiff was not a condition precedent to performance by the defendants, but was a condition concurrent therewith, and the latter could not perform, the former was entitled to maintain its action for specific performance against the latter without performance or tender of performance on its part. (*Greenstone* v. *Claretian Theological Seminary, supra,* 173 Cal.App.2d 21, 33.)

■ On the other hand, the fact that the defendants did not have a clear title to the property did not foreclose the plaintiff from demanding whatever interest they may have had therein, and enforcing performance of the contract accordingly. (*Miller* v. *Dyer,* 20 Cal.2d 526, 529 [127 P.2d 901, 141 A.L.R. 1428]; *Groobman* v. *Kirk, supra,* 159 Cal.App.2d 117, 126.) ■ However, the plaintiff was required to indicate its intention to accept the defendants' defective title in lieu of the clear title required by the contract within a reasonable time. In other words, its offer to perform upon condition that the defendants convey to it whatever interest they owned had to be made within a reasonable time. This conclusion follows from the fact that the implied reasonable time for performance provision of the contract determined its life. ■ Therefore, if a reasonable time for completion of the contract had expired prior to Jan. 1, 1961, when the plaintiff made its offer to accept whatever title the defendants owned, they were entitled to reject its offer and terminate the contract. In like manner, if a reasonable time within which to accept the defendants' defective title expired prior to their notice of termination in June 1960, that notice effectively terminated the contract under the terms thereof. The findings at hand do not cover the issue of reasonable time.

The decision in *Pitt* v. *Mallalieu,* 85 Cal.App.2d 77 [192

P.2d 24], which is cited by the defendants in support of their position that they were entitled to terminate the contract because the plaintiff had not performed its part thereof within the 120-day period, is not applicable to the instant case, because in the cited case time was of the essence of the contract.

The judgment is reversed.

Griffin, P. J., and Brown (Gerald), J., concurred.

A petition for a rehearing was denied March 23, 1964.