[Civ. No. 24759.   First Dist., Div. Three.   Feb. 18, 1969.]

ANGELO RE et al., Plaintiffs and Respondents, v. WELLS FARGO BANK, as Executor, etc., et al., Defendants and Appellants.

Nakashima & Boynton and Theodore K. Boynton for Defendants and Appellants.

Nevo F. Capitina and William G. Filice for Plaintiffs and Respondents.

BROWN (H. C.), J.—This is an action seeking specific performance by the lessees Angelo and John A. Re to exercise the option contained in the lease granting the lessees the right of first refusal to purchase the leased premises. We have concluded under the following facts that the judgment declaring plaintiffs' right to exercise the option should be affirmed.

The plaintiffs Angelo Re and John A. Re, as lessees, and Pearl K. Lannin, as lessor, executed a lease agreement whereby plaintiffs leased certain real property located in San Jose consisting of a supermarket plus the right to use (with others) an adjacent parking lot. The supermarket was by far the dominant tenant of the one-story building, occupying approximately four-fifths of the space. The building also contained a florist shop, a barber shop and a doughnut shop. These small shops were located in two corners of the building.

The lease contained the following clause: ''Should the Lessors, during the demised term or any extensions thereof, elect to sell the *demised premises,* they shall give to the Lessees, and/or their successors, the right of first refusal to meet any bona fide offer of sale on the same terms and conditions of such offer, and after notice, the Lessees, and/or their successors, shall have sixty (60) days from and after notice to meet such bona fide offer, and failure so to meet such offer, the Lessors shall be free to consummate said sale to any such third person.'' (Italics added.)

During the term of the lease, the lessor, Pearl Lannin died and the executor of her estate (defendant Wells Fargo Bank) sold the entire building and the parking lot to the defendant San Jose Medical Clinic for a purchase price of $149,000. Prior to confirmation of the sale by the probate court, and within the time specified in the right of first refusal paragraph, the lessees sought to exercise their purchase right. The lessees tendered the total sum of $149,000, which was deposited in escrow, and commenced this action seeking specific performance. By order pursuant to stipulation, the plaintiffs were permitted to withdraw from escrow the entire $149,000 tendered as the purchase price, pending the resolution of the dispute. It was also agreed by stipulation that all rental receipts derived from the entire property would be deposited into a trustee account until this matter is finally determined.

The trial court found that the words ''demised premises'' meant only the supermarket space, together with the non-exclusive use of the parking lot. However, the court inter-

preted the right of first refusal clause to mean that the lessees had the right of first refusal in the event the lessor decided to sell the entire property of which the demised premises were a part and that right included the right to buy the entire property. Appellants contend that the court, having limited the words ''demised premises'' to the supermarket space, should have also limited the right of first refusal to cover a sale of the demised premises alone.

The trial court determined that there was no ambiguity in the option clause of the lease, that a physical division was impractical, and that if the right of first refusal did not cover the entire building, it would be a worthless right. We agree with these determinations.

The appellants correctly contend that the reviewing court has the power and duty to interpret the lease independently in the absence of extrinsic evidence. The respondents dispute this and argue that the diagram was extrinsic evidence.

A distinction has been made as to the function of the appellate court in the review of decisions interpreting writings and this distinction is dependent upon whether or not extrinsic evidence has been introduced as an aid to interpretation. The only evidence in the instant case that could be considered extrinsic to the written agreement is the diagram of the building. This type of evidence, however, does not absolve the reviewing court of its duty to interpret the writing. Where there is no conflict in the extrinsic evidence (and therefore no problem of its credibility, but only of inferences to be drawn therefrom), the reviewing court ''must make an independent determination of the meaning.'' (*Parsons* v. *Bristol Dev. Co.*, 62 Cal.2d 861, 866 [44 Cal.Rptr. 767, 402 P.2d 839]; see Witkin, Cal. Procedure (1967 Supp.) § 89A, pp. 942-943, and cases cited.)

We are in agreement with the reasoning of the trial court in its interpretation of the clause, which interpretation is not in conflict with the language of the clause and effectuates the intention of the parties, i.e., protection of the lessees. Appellants argue that the only description which appears in the right of first refusal clause is the term ''demised premises'' and, since there is no contrary description or reference to any greater extent of property, this description controls. We have concluded, however, the term ''demised premises'' refers to the portion of the property which is subject to the *rights of use that lessees have,* not to the portion over which the *right of first refusal extends.*

The authorities relied upon by appellants (*Wilson* v. *Brown*, 5 Cal.2d 425 [55 P.2d 485]; *Atlantic Refining Co.* v. *Wyoming Nat. Bank*, 356 Pa. 226 [51 A.2d 719, 170 A.L.R. 1060], and cases cited) are distinguishable. The option provisions in those cases clearly applied to the leased portion of the premises.

It is determined that the words of the lease "Should the Lessors, during the demised term . . . elect to sell the demised premises, . . ." are unambiguous. The words clearly are a phrase which describe the event upon which the right of first refusal will arise and which does not limit the right to a purchase of the "demised premises." The event giving rise to the right of first refusal had occurred and the lessees then had the right "to meet any bona fide offer of sale." This wording is also unambiguous and the lessees having met the offer of sale of the entire premises have done all required of them by the clause.

■ The appellants further contend that the court failed to make findings of fact on material issues, i.e., fairness and adequacy of consideration.

"It is fundamental that a decree of specific performance cannot be supported in the absence of a finding that the contract was just and reasonable and the consideration adequate." (*Weneda Corp.* v. *Dispalatro*, 225 Cal.App.2d 187, 190-191 [37 Cal.Rptr. 267].) This rule is based upon Civil Code section 3391 which provides that specific performance cannot be enforced against a party to a contract if he has not received an adequate consideration or if it is not, as to him, just and reasonable.

No finding as to the adequacy of consideration was requested but had it been requested or if the case were remanded, it would be certain that a finding of adequacy would be made. Options to purchase contained in a lease are considered as being supported by sufficient consideration. (*Cates* v. *McNeil*, 169 Cal. 697 [147 P. 944]; *Gordon* v. *Dufresne*, 205 Cal. 512 [271 P. 1066]; *O'Connell* v. *Lampe*, 206 Cal. 282 [274 P. 336]; *Gatley* v. *Shockley*, 215 Cal. 604 [12 P.2d 436]; *Bell* v. *Minor*, 88 Cal.App.2d 879 [199 P.2d 718].) The general consideration of the lease, such as the covenant to pay rent or do other acts, supports the option to purchase as well as the right to occupy the premises. (*Spaulding* v. *Yovino-Young*, 30 Cal.2d 138, 141 [180 P.2d 691]; see 35 C.J., § 182, pp. 1038-1039; 3 Thompson on Real Property, § 1151, p. 573.) The record indicates that this was the under-

standing of the trial judge for he remarked that "it is an option for which there was adequate consideration, . . ."

For the foregoing reasons, it is clear that appellants' objections fall within "the well-established rule that a failure to find upon an issue is not ground for reversal when no substantial right of the appellant is prejudiced thereby." (*Eastman* v. *Piper,* 68 Cal.App. 554, 569 [229 P. 1002]; *Bailey* v. *Leeper,* 142 Cal.App.2d 460 [298 P.2d 684].)

■ The appellants' further contentions that the trial court erred in awarding rents to the respondents without allowing appellants interest on the purchase price is correct and requires that this matter be remanded to the trial court.

The trial court awarded the respondents the accumulated rents which were being held in trust pending the disposition of the action. This is in accord with the follwing general rule: "A party to a contract for the purchase . . . of land who is entitled to a decree of specific performance is also ordinarily entitled to a judgment for the rents and profits from the time he was entitled to a conveyance." (*Ellis* v. *Mihelis,* 60 Cal.2d 206, 219 [32 Cal.Rptr. 415, 384 P.2d 7].) The reason for the rule is the desire of equity courts to relate the performance back to the date set in the contract. In the instant case, the respondents have had the benefit of the interest on the purchase price, having been allowed to withdraw it from escrow. If the respondents are now allowed to keep the rents, they will be in a better position than if the contract had been timely performed. "A court of equity will not permit a party to obtain such an undue advantage." (*Ellis* v. *Mihelis, supra,* 60 Cal.2d 206, 221.) This last principle is particularly applicable to the instant case wherein the appellant San Jose Medical Clinic was not at fault in conveying the property in derogation of the lessees' rights. (See *Heinlen* v. *Martin,* 53 Cal. 321, 343; *Ellis* v. *Mihelis, supra.*)

Accordingly, the trial court should have made an adjustment in its award to allow the defendants-appellants an amount which would represent the interest on the purchase price. (*Greenstone* v. *Claretian Theological Seminary,* 173 Cal.App.2d 21, 36 [343 P.2d 161]; *Weneda Corp.* v. *Dispalatro, supra,* 225 Cal.App.2d 187, 192.)

Respondents do not dispute the principles of law involved, but contend that since appellants did not raise the issue below, it may not raise it on appeal. However, the issue should be considered raised by the request for a determination of rights to accruing rent made by respondents. A determination

of the right to rents necessarily raises the issue of an offset for the use of the purchase price in order for the court to make a complete determination of the rights of both parties. (*Ellis* v. *Mihelis, supra*; see also *Greenstone* v. *Claretian Theological Seminary, supra*.)

The judgment relating to specific performance and the award of rents to respondents is affirmed. The cause is remanded to the trial court to determine the amount of interest on the purchase price and also to determine whether there are any other offsets due respondents from the fund.

Draper, P. J., and Salsman, J., concurred.