Puranchand D. HEMLANI; Radhi P. Hemlani, Plaintiffs–Appellants,

v.

Jesus S. Leon GUERRERO; Concepcion C. Leon Guerrero, Defendants–Appellees.

No. 88–15305.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1989.

Decided May 8, 1990.

---

Paul A. Lawlor, Moore, Ching, Boertzl & Lawlor, Agana, Guam, for plaintiffs-appellants.

Joaquin V.E. Manibusan, Jr., Agana, Guam, for defendants-appellees.

Before SNEED, KOZINSKI and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

The plaintiffs-appellants ("Hemlanis") sued the defendants-appellees ("Guerreros") for specific performance of a contract for the sale of real property. The Guerreros, who are husband and wife, owned the property as tenants in common. Only the husband, Mr. Guerrero, signed the contract. The Superior Court of Guam ordered specific performance. The District Court of Guam, Appellate Division,[1] reversed. The Appellate Division held that because both Mr. and Mrs. Guerrero had not signed the contract it could not be specifically enforced. We have jurisdiction pursuant to 48 U.S.C. § 1424–3(c) and we affirm the Appellate Division.

## FACTS

In July 1968, Mrs. Guerrero acquired, by inheritance, a parcel of real property on Guam. The property was her separate property. In October 1968, Mrs. Guerrero conveyed a one-half interest in the property to her husband, Mr. Guerrero; since then the property has been owned by Mr. and Mrs. Guerrero as tenants in common, as to undivided one-half interests each.

In 1980, the Guam Legislature amended Guam Civil Code § 160. The 1980 amendment required both spouses to join in any conveyance, or contract to convey, community real property or real property owned by the spouses as co-tenants.

In 1985, Mr. Guerrero and the plaintiff-appellee Puranchand D. Hemlani ("Mr. Hemlani") entered into a written contract for the sale and purchase of the subject property. Mrs. Guerrero was fully aware of the negotiations and the sale transaction. She did not object to the sale, but she did not sign the sale contract and she did not give her husband, Mr. Guerrero, written authority to sell the property. A partial down payment was made, but when the Hemlanis demanded that the Guerreros complete the contract, the Guerreros refused. The Hemlanis then sued for specific performance.

---

1. The Guam Legislature has not yet established a local territorial appellate court as authorized by Congress. *See* 48 U.S.C. § 1424–1(a). Until such an appellate court is established, Congress has provided that an appellate division of the District Court of Guam shall have jurisdiction over appeals from the local territorial trial courts. 48 U.S.C. § 1424–3(a). The appellate division consists of three judges: the local district judge, who is the presiding judge, and two other judges who sit by designation of the presiding judge. 48 U.S.C. § 1424–3(b).

## ANALYSIS

■ Guam Civil Code § 1624 [2] requires that a contract for the sale of real property be in writing. Because Mrs. Guerrero did not sign the contract, it is unenforceable as to her interest in the subject property. The Hemlanis argue that Mrs. Guerrero knew about the sale, had no objection to it, and as a result she should be bound by the contract Mr. Hemlani signed. We reject this contention. A wife's oral assent to a written contract is insufficient to satisfy the statute of frauds. *O'Banion v. Paradiso*, 61 Cal.2d 559, 563, 39 Cal.Rptr. 370, 373, 393 P.2d 682, 685 (1964).[3]

■ The Hemlanis argue that if they cannot get specific performance of the entire property, at least they should be able to get specific performance as to Mr. Guerrero's half interest. Guam Civil Code § 160, however, prevents this result. Section 160 provides in pertinent part:

(a) Except as otherwise provided in this Subsection and Section 163, either spouse has the management and control of the community real property, whether acquired *prior to* or after July 1, 1980, but both spouses *must* join in all transfer, conveyances or encumbrances or contracts to transfer, convey or encumber any interest in community real property and separate real property owned by the spouses as co-tenants in joint tenancy or tenancy in common. [emphasis added]

.        .        .        .        .

Any transfer, conveyance, encumbrance or lease or contract to transfer, convey, encumber or lease any interest in the community property or in separate real property owned by the spouses as co-tenants in joint tenancy or tenancy in common, attempted to be made by either spouse alone in violation of the provi-

sions of this Section *shall be void and of no effect,* except that either spouse may transfer, convey, encumber or lease directly to the other without the other joining in. [emphasis added]

Guam.Civ.Code § 160(a) (1980).

With Guam Civil Code § 160 standing in their way, the Hemlanis argue that the 1980 amendment (which added the language included above and which defeats the Hemlanis' claim) is unconstitutional as to Mr. Guerrero. The Hemlanis contend that if we were to apply the 1980 amendment retroactively we would deprive Mr. Guerrero of a vested right he has enjoyed from the time he acquired his interest in the property in 1968: namely, the right to dispose of his half interest unfettered by any need to have his wife join in the contract of sale or in the conveyance.

■ The problem with this argument is that it is not the Hemlanis' argument to make. It is Mr. Guerrero's argument, if he chooses to assert it and he does not. Mr. Guerrero is delighted with retrospective application of the amendment. Such an application prevents the Hemlanis from getting his half of the property, which is the position he takes in this litigation. In sum, Mr. Guerrero does not want to assert the constitutional right the Hemlanis say he has, and the Hemlanis cannot assert it for him. *See Capital Cities Cable, Inc. v. Crisp, Director, Oklahoma Alcoholic Beverage Control Bd.*, 467 U.S. 691, 700 n. 6, 104 S.Ct. 2694, 2701 n. 6, 81 L.Ed.2d 580 (1983) ("... [R]espondent plainly lacks standing to raise a claim concerning his adversaries' constitutional rights in a case in which those adversaries have never advanced such a claim.").

---

**2.** Guam Civil Code § 1624 provides in pertinent part:

*What Contracts Must Be Written.* The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent: ...

5. An agreement for the leasing for a longer period than one (1) year, or for the sale of real property, or an interest therein, and such agreement, if made by an agent of the parties

sought to be charged, is invalid, unless the authority of the agency is in writing, subscribed by the party sought to be charged.

**3.** There is no Guam law on the question whether a wife's oral assent to a written contract is sufficient to satisfy the statute of frauds. When Guam law is unclear, we regard California law as persuasive. *See People of Territory of Guam v. Ojeda,* 758 F.2d 403, 406 (9th Cir.1985).

The dissent argues that we should remand this case "for a determination whether section 160(a) strips Mr. Guerrero of any interest in the property that he alone could alienate." Dissent at 1416. The dissent suggests that the Hemlanis may at least be entitled to specific performance to acquire whatever rights Mr. Guerrero possessed, including a veto power over Mrs. Guerrero's power to convey the property. Dissent at 1416.

This argument is answered by Guam Civ. Code § 160(a), which provides that except for interspousal transfers, "[a]ny ... contract to ... convey ... any interest in the community property or in separate real property owned by the spouses as co-tenants in joint tenancy or tenancy in common, *attempted to be made* by either spouse alone ... shall be *void and of no effect.*" (emphasis added). This statute could not be plainer. Mr. Guerrero's attempted contract to convey *any* interest in the property is void and of no effect. The interpretation of this statute is purely a question of law, the issue has been fully briefed, and we are in as good a position as the Guam court to decide if the statute means what it says. We hold that it does.[4] *See Mesa Petroleum Co. v. Cities Serv. Co.,* 715 F.2d 1425, 1433 (10th Cir.1983) ("Since our ruling on the constitutionality of the statute turns completely on our interpretation of the Oklahoma Act on its face, we presumably are in as good a position to do so as the district court. After all, an appellate court is supposed to be able to read a statute.").

We conclude that Guam Civil Code § 160 precludes the conveyance of Mr. Guerrero's half interest in the property without Mrs. Guerrero's joinder in the transaction as required by section 160. She has not joined in the contract to convey the property, nor

has she joined in any conveyance of the property. Accordingly, the decision by the District Court of Guam, Appellate Division, denying specific performance is AFFIRMED.

SNEED, Circuit Judge, dissenting:

The majority's use of standing doctrine to preclude a time-honored equitable remedy for breach of contract to sell real property is incorrect. This is not a standing case. The issue is whether under Guam law Mr. Guerrero has any interest in the land that he can convey to the Hemlanis. If he does, the Hemlanis are entitled to the remedy of specific performance. Therefore, I respectfully dissent.

The court today holds that the Hemlanis do not have standing to challenge the retroactive application of section 160 of the Civil Code of Guam, as amended in 1980, in their suit for specific performance. This puts the cart before the horse. The Hemlanis would have standing if Mr. Guerrero under Guam law has an interest that he could convey. To say he cannot obtain specific performance because he lacks standing to raise Mr. Guerrero's claims is to import into Guam property law an alien doctrine of jurisdiction rooted in the Constitution of the United States.

Under California conveyancing law, which Guam generally follows, a buyer of real property may assert a claim for specific performance with respect to that part of the property the seller actually owns; the seller cannot attack his title to escape the contract of sale.

The leading case on this point continues to be *Miller v. Dyer*, 20 Cal.2d 526, 127 P.2d 901 (1942) (per Traynor, J.), in which the California Supreme Court articulated the applicable principles:

**4.** It might be argued that the "right" to exercise a veto power over Mrs. Guerrero's power to convey the property, or some other "right" such as the right to negotiate with her to seek her consent to the sale, is not an "interest in the property" and thus is not covered by the statute. *See* Guam Civ.Code § 160(a). But if these "rights" are not interests in the property, and therefore not covered by the statute, neither are they covered by the parties' contract. Mr. Guerrero and Mr. Hemlani did not contract for

the sale and purchase of a veto power or a right to negotiate. They contracted for the sale and purchase of the property. It is one thing to adjust a property interest downward from the totality of the interests contracted to be sold, along with a proportionate downward adjustment in the purchase price. *See Collins v. Marvel Land Co.,* 13 Cal.App.3d 34, 41, 91 Cal.Rptr. 291, 294 (1970). It is quite another to order parties to convey and purchase something they never contracted for.

In support of their general demurrers respondents contend that the complaint fails to state a cause of action against Mabelle Dyer since it shows that she has no title to the land she contracted to convey and that she cannot perform her agreement to borrow $2,000 on the property and pay that sum to the plaintiffs. If the vendor has no title or interest in the land that he contracts to convey he will not be required specifically to perform. The decree would be of no avail for equity will not compel him to obtain title. If, however, the vendor is the equitable owner and has the right to call for the legal title, specific performance will be decreed at the suit of his vendee. When Hector and Elizabeth Dyer agreed to convey their real property to Mabelle Dyer, and deposited the deed to such property in escrow, "with the intention of passing title," Mabelle Dyer became the equitable owner of the land and Hector and Elizabeth Dyer held the legal title in trust for her as purchaser. Mabelle Dyer could convey that equitable interest or title, and she can be compelled to do so in this action for specific performance.

20 Cal.2d at 528–29, 127 P.2d at 903 (citations omitted).[1]

The Hemlanis therefore have a right to specific performance of whatever property interest Mr. Guerrero owns. As Justice Traynor in *Miller* pointed out, Mr. Guerrero cannot convey a title that he does not possess, or conversely, the court can command specific performance of that which he does possess. *Id.* at 528, 127 P.2d at 903.

The majority is on sounder ground analytically when it purports to answer this issue of Guam law by holding that the 1980 statute divests Mr. Guerrero of his ability to convey any interest of any kind in the

co-tenancy. I am not so certain that this is the only plausible interpretation of this statute. Under the doctrine of specific performance, the Hemlanis are entitled to whatever property interest Mr. Guerrero owned. The statute may mean that Mr. Guerrero has no interest to convey. On the other hand, the Hemlanis perhaps could acquire whatever rights Mr. Guerrero possessed, which would include a veto power over Mrs. Guerrero's power to convey the property. This would not be valueless. On this record, we cannot fairly determine the state of Guam law.

The majority, in effect, assumes that under Guam law Mr. Guerrero has no interest he can convey. Whether section 160(a) has that effect is precisely the question at issue in this case. The law of standing as employed by federal courts cannot properly supply the answer and the majority's resolution of Guam law leaves me uncertain as to the reason for its reliance on notions of standing in the initial portion of its opinion.

In theory, Mr. Guerrero could bring a declaratory judgment action requesting the court's interpretation of the statute as to his ability to convey any interest in the property. Mr. Guerrero obviously no longer has any desire to bring such a suit. The Hemlanis cannot bring such an action until they obtain a decree of specific performance which, in turn, rests upon the meaning of section 160(a).

Possibly the majority's reading of the statute is correct; however, it would be much more appropriate on our part to seek a determination of this issue initially by a Guam court. The proper solution is to remand the case for a determination whether section 160(a) strips Mr. Guerrero of any interest in the property that he alone could alienate. Should that *not* be the effect of

**1.** Subsequent California cases have adhered to this reasoning. *See, e.g., Collins v. Marvel Land Co.,* 13 Cal.App.3d 34, 41, 91 Cal.Rptr. 291, 294 (Ct.App.1970) (holding that plaintiffs' "willingness to purchase the property involved with or without the easement of ingress and egress" means that a contract for sale may be specifically enforced over vendor's objection); *Weneda Corp. v. Dispalatro,* 225 Cal.App.2d 187, 37 Cal.Rptr. 267, 270 (Dist.Ct.App.1964) (holding that "the fact that the defendants did not have a clear title to the property did not foreclose the plaintiff from demanding whatever interest they may have had therein, and enforcing performance of the contract accordingly"); *see also Carpenter v. Folkerts,* 29 Wash.App. 73, 75, 627 P.2d 559, 562 (Ct.App.1981) (holding that where the vendor has the power to perform the sale of real property, he may not claim the defense of "impossibility" on the basis of a title defect).

section 160(a), the decree of specific performance should be entered unless, of course, the Hemlanis decide that what they can acquire is not worth the price and drop this action.