[No. 6,620.—Department One.]

DOMINICK GONZALES v. CHARLES E. BROAD.

REAL ESTATE BROKER—COMMISSIONS.—The plaintiff having been employed by the defendant to find a purchaser for real estate, brought to him a party who was ready and willing to purchase, and with whom the defendant was satisfied, and entered into an agreement to sell. Afterwards, the purchaser refused to take the property, solely on the ground that the defendant's title was not satisfactory. *Held*, that the plaintiff did all that was required of him under his contract to entitle him to the remuneration agreed upon.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

After the decision, the appellant filed his petition that the appeal be reheard in Bank, and the application was denied.

*J. M. Seawell*, for Appellant.

In *Middleton* v. *Findla*, 25 Cal. 76, the purchaser had made a binding agreement to buy. In *Phelan* v. *Gardner*, 43 Cal. 306, the purchaser was willing to pay the purchase-money and take the property, but the seller wrongfully sold the property to another.

In the case at bar, the proposed purchaser never agreed to buy the property. This would not bar plaintiff's recovery, if the purchaser was ready and willing to complete his purchase. But he was not. It is true, that he alleges as his excuse that his counsel advised him that the title was not perfect. But under all the circumstances, he absolutely refused to complete the transaction.

It appearing that the proposed purchaser was not willing to take the property, the burden of proof was upon plaintiff to show that defendant's title was defective. (1 Sugden, Vendors and Purchasers, 358; *Camfield* v. *Gilbert*, 4 Esp. 221.)

*J. F. Sullivan,* for Respondent.

The failure of a sale by reason of defective title, or alleged defective title, in the vendor does not in any manner impair the broker's right to his commissions. (*Knapp* v. *Wallace*, 41 N. Y. 477; *Dotty* v. *Miller*, 43 Barb. 529; *Middleton* v. *Findla.* 25 Cal. 81.)

Ross, J. :

The findings—which we think entirely sustained by the evidence—show, that on or about the 1st of September, 1876, the defendant employed the plaintiff, who was then a real estate broker, to find a purchaser for certain real property of the defendant. According to the agreement between plaintiff and defendant, the property was to be sold for $18,000, and the plaintiff was to receive for his services in finding such purchaser the sum of $500. Within a reasonable time after this contract, the plaintiff brought to defendant a party ready and willing to buy and pay for the property at the price named. Defendant was satisfied with the purchaser, and entered into an agreement to convey to the latter the land. The proposed purchaser afterward refused to take the property, solely because the defendant's title thereto was not satisfactory to him. Defendant having refused to pay the plaintiff for his services, the latter brought this action to recover the sum of $500, for which amount the Court below rightly gave him judgment, with costs.

The plaintiff did all he was bound to do, under his contract,

to entitle him to the remuneration agreed on. He procured a purchaser ready and willing to buy the property at the price for which the defendant proposed to sell it, which purchaser was acceptable to the defendant. The plaintiff could do no more. His right to compensation did not in any way depend, according to the contract, on the validity or invalidity of the defendant's title to the property. Nor was the plaintiff authorized to make any contract with the proposed purchaser on behalf of the defendant. That was a matter for defendant himself; and even if the sale failed of consummation because there was no binding contract between them, it was the fault of the defendant, for which the plaintiff was in no manner responsible. (*Phelan* v. *Gardner*, 43 Cal. 311; *Middleton* v. *Findla*, 25 id. 76; *Barnard* v. *Monnot*, 3 Keyes, 204; *Koch* v. *Emmsley*, 22 How. 69.)

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.