[Civ. No. 6061. First Appellate District, Division Two.—December 21, 1927.]

J. F. McDONALD, Respondent, v. J. BERNARD, Appellant.

Geary & Geary for Appellant.

Eugene F. Conlin for Respondent.

NOURSE, J.—Plaintiff sued as assignor of two real estate brokers to recover the commission claimed by them to be

due for their services in connection with the proposed exchange of real properties. Plaintiff had judgment for $3,000, without interest, from which defendant has appealed on a typewritten transcript.

The services were performed in accordance with the terms of a written contract wherein defendant promised to pay a commission of $3,000 ''upon acceptance of this agreement'' by the owner of the properties which were to be conveyed to defendant. This acceptance was procured in writing and deeds of conveyance were duly executed, but, before defendant's deed was recorded, his wife recorded a declaration of homestead upon his property and the exchange was not completed. Though the property owned by defendant and proposed to be exchanged by him was his separate property, the wife opposed his plan to sell or exchange it and notified the brokers before the commission agreement was executed that she would not execute a conveyance of the property and would do all in her power legally to prevent the exchange. Of this the defendant was fully aware at the time he executed the contract with the brokers.

This constitutes the only defense raised by appellant to the payment of the commission. ▮ It is argued that the brokers, knowing the opposition of appellant's wife to the exchange, entered into the contract at their peril and, therefore, may not recover. There is no charge of fraud or misrepresentation; no claim that appellant was not at all times the sole owner of the property and able to give clear title except for the lien of the homestead created by his wife.

The rule of law involved is simple and well settled. The appellant knew of his wife's objection to the exchange when he employed the brokers to procure an acceptance from the owner of the other piece of property. It may be that he thought he could satisfy her objections if he had the exchange contract signed, or that he would complete the exchange without her consent, or that she might change her mind, but these are matters with which the brokers were not concerned. They were employed to procure the acceptance of the other owner and they performed that service in strict accordance with their contract.

When a broker is employed to procure the acceptance of a proposition to exchange specified properties his right to

compensation does not depend upon the validity of the title. (*Gonzales* v. *Broad*, 57 Cal. 224, 226.) The refusal of the wife to join her husband in a conveyance of community property does not affect the liability of the husband on his individual contract with a broker to procure a purchaser. (*Goodrich* v. *Turney*, 44 Cal. App. 516, 520 [186 Pac. 806]; *Johnson* v. *Krier*, 59 Cal. App. 330–333 [210 Pac. 966]; *Russell* v. *Ramm*, 200 Cal. 348 [254 Pac. 532].) These cases merely follow the general rule that a party may contract with a broker to procure a suitable purchaser for property which he does not own and his subsequent failure to perfect a title which would enable him to complete a sale does not affect his liability to the broker. (*Martin* v. *Ede*, 103 Cal. 157–161 [37 Pac. 199], and cases cited.)

We see no reason for a different rule where a perfect title is clouded before the sale is completed through no fault of the broker. Here both parties had knowledge of the wife's threats to cloud the title before the written contract of employment was executed. Notwithstanding this knowledge, appellant agreed to pay the stipulated sum if the brokers procured the acceptance by the owner of the other parcel. If appellant hoped to be relieved of this obligation if the wife carried out her threat he should have so stipulated in the written contract.

The judgment, in so far as it is attacked on this appeal, is affirmed.

Koford, P. J., and Sturtevant, J., concurred.