[S. F. No. 21400. In Bank. July 16, 1964.]

EMORY O'BANION, Plaintiff and Respondent, v. BER-
NARD PARADISO et al., Defendants and Appellants.

Harold A. Parichan and William B. Boone for Defendants and Appellants.

Linneman, Burgess, Telles & Van Atta and Jess P. Telles for Plaintiff and Respondent.

McCOMB, J.—Defendants Paradiso appeal from a judgment in favor of plaintiff in an action to compel specific performance of a contract for the sale of real property and to quiet title thereto.

*Facts*: On February 23, 1961, defendant Salvador H. Orduno signed a written memorandum offering to sell to plaintiff all of his "rights & title" to certain real property for $2,000, with a 60-day period of acceptance.

Plaintiff immediately accepted the proposal and offered to pay the $2,000 at that time, but Orduno stated he did not need the money then and requested that it be put in escrow together with the money necessary to pay off a note and deed of trust to one B. Paradiso, the owner thereof, which plaintiff agreed to pay.

Plaintiff went to a title company the same day and requested a preliminary title report on the property. On March 21 the title company received information as to the amount needed to satisfy the deed of trust, on which a notice of default had been recorded, and immediately contacted plaintiff, requesting that such amount be deposited in escrow. The deposit was made by plaintiff the same day.

On or about March 15 defendant Dominic Paradiso was asked by an employee of the title company to pick up a form of request for reconveyance to be filled in by B. Paradiso, the owner of the note and deed of trust, as to the balance owed. Dominic was told at the time that the note on which foreclosure proceedings had been commenced was going to be paid. This form, however, was never returned to the title company, and the amount necessary to satisfy the note and deed of trust was determined in another manner.

On March 22 defendant Orduno told Dominic that plaintiff was going to buy the property and was supposed to have let him know, but that he had not heard from plaintiff and guessed plaintiff was no longer interested in buying it.

On March 24 plaintiff met Orduno in front of the Wells Fargo Bank in Los Banos and notified him that the money for the property was on deposit at the title company and that all Orduno had to do to obtain the money was go there and

sign the deed. However, Orduno replied that he was selling the property to someone else.

Immediately prior to this conversation, inside the bank, defendants Paradiso had been engaged in some of the details of completing their purchase of the property. Checks totaling $2,000 had been executed by them, but no documents had.yet been signed either by the Paradisos or the Ordunos.

Plaintiff testified that at that time he told Orduno, in the presence of Bernard and Dominic Paradiso and Mrs. Orduno, that he had considered he had bought the property, and that Mr. Orduno stated, ''Well, that is right.'' However, the sale to defendants Paradiso was completed that day, and plaintiff remarked that he would hold Orduno to the agreement of February 23.

On March 29 plaintiff filed suit against the Ordunos and defendants Paradiso to compel specific performance by the Ordunos and to quiet title to the property as against the Paradisos.

The Ordunos, without an attorney, filed an answer admitting that they had ''agreed and offered to sell all of his right, title and interest, and any right, title and interest which his wife, Delfina G. Orduno, might own, in and to said real property to plaintiff herein,'' but denied that Delfina G. Orduno assented and agreed to said conveyance in accordance with the terms of the written instrument.

The answer of defendants Paradiso denied the allegations of the first cause of action for lack of information or belief and generally and specifically denied each and all the allegations with regard to the second and third causes of action.

After trial without a jury, the court found in favor of plaintiff, and specifically found that Orduno had agreed to sell the property to plaintiff for $2,000, that it was Orduno's intention to include in said offer all the right, title, and interest of Mrs. Orduno, and that she had assented and agreed to said conveyance in accordance with the terms of the written instrument.

The court further found that plaintiff had accepted said offer of February 23, 1961, on the day it was made, and while it was in full force and effect, and offered to pay said $2,000; that plaintiff had, in accordance with Orduno's request, deposited the funds with the Merced County Title Company, together with the sums necessary to pay off the deed of trust under which foreclosure proceedings had commenced; that

said offer was fair, equitable, and just; and that the acceptance had been made within the 60-day period.

It was also found that notwithstanding the acceptance of the offer, Mr. and Mrs. Orduno gave a deed to the property to defendants Paradiso, each of whom had received the same with full and complete notice and knowledge of the rights of plaintiff in and to said premises, and that defendants Paradiso had no right, title, or interest in said premises.

As a conclusion of law, the court found that plaintiff was entitled to judgment requiring the Ordunos to convey the real property to him; requiring Dominic Paradiso, the beneficiary under the deed of trust, to reconvey said real property on payment to him of the sums due on said deed of trust; cancelling the deed conveying the property to defendants Paradiso; declaring plaintiff to be the owner of the land; and declaring that defendants Paradiso have no right, title, or interest in and to said real estate.

■ *Questions*: First. *Could defendants Paradiso invoke the defense of the statute of frauds?*

*Yes.* Plaintiff contends that defendants Paradiso cannot assert the defense of the statute of frauds, because they were not parties to the alleged contract.

■ Third persons who are in privity with a party to a contract can take advantage of the statute of frauds in the same way that the contractor himself could have done. (See 3 Williston on Contracts (3d ed. 1960) § 530, pp. 746 et seq.; 2 Corbin on Contracts (1950) § 292, pp. 62 et seq.; 49 Am.Jur. (1943) Statute of Frauds, § 592, pp. 899 et seq.; 37 C.J.S. (1943) Frauds, Statute of § 220d, p. 719; cf. *Ellis* v. *Mihelis,* 60 Cal.2d 206, 213 [1a] et seq. [32 Cal.Rptr. 415, 384 P.2d 7].) 7].)

In Corbin on Contracts, *supra,* it is stated: "Successors in title to one who has made a contract unenforceable as against himself by reason of the statute can take advantage of the statute in the same way that the contractor himself could have done. Such successors are the contractor's grantee, heir, and personal representative. ... This is the case even though ... the grantee had actual knowledge of the [prior] oral contract. ... [The reasons for the rule are:] If the vendor is not given the power to pass good title to a purchaser, the land or goods would be unsalable. Such a recognition of the oral contract by the law would not be in conflict with the words of the statute; but it would tend strongly to enforcement and it has generally been thought to be in conflict with the purpose of the statute." (Pp. 62-64.)

 There are no similar policies involved where the third person seeking to raise the statute is not in privity with a party to the contract. If such persons were able to assert the statute to invalidate a contract, they could invalidate contracts which the parties themselves were in favor of enforcing.

The cases relied upon by plaintiff fall within this latter rule. For example, in *Wood Estate Co.* v. *Chanslor*, 209 Cal. 241 [286 P. 1001], the court upheld a trust instrument, possibly invalid under the statute, which the parties were seeking to uphold, and which a judgment creditor was seeking to set aside. In *Demeter* v. *Annenson*, 80 Cal.App.2d 48 [180 P.2d 998], there was an attempt by a competing taxi company to claim the statute allegedly invalidated a contract between Southern Pacific and Yellow Cab granting Yellow Cab the exclusive right to solicit patronage at a Southern Pacific station. Likewise, in *Mitchell* v. *Locurto*, 79 Cal. App.2d 507 [179 P.2d 848], a third party, not in privity to the oral agreement, sought to raise the statute as a defense.

Accordingly, defendants Paradiso, upon receiving Mrs. Orduno's deed, succeeded to her right to assert the statute of frauds as a defense.

 Second. *Was Mrs. Orduno's oral assent to her husband's written memorandum sufficient to satisfy the statute of frauds although she never signed the memorandum or any document authorizing her husband to act on her behalf?*

*No.* An agreement for the sale of real property is invalid unless it is in writing. (Civ. Code, § 1624, subd. 4.) Since authority to enter into a contract which is required to be in writing can be given only by an instrument in writing (Civ. Code, § 2309), any contract by a husband affecting the wife's interest in land is unenforceable against her in the absence of a written authorization signed by the wife, there being no husband-wife exception to the statute of frauds. (Cf. *Henry* v. *Nelms*, 113 Cal.App. 587, 591 [298 P. 822]; *Glazer* v. *Hanson*, 98 Cal.App. 53, 59 [2] [276 P. 607].)

In *California Sav. & Coml. Bank* v. *Wheeler*, 216 Cal. 742, 748 [6] [16 P.2d 737], this court stated: "Inasmuch as the contract here involved dealt with real property, the only way an agency relation could have been created would have been by a written authorization. Section 2309 of the Civil Code provides: 'An oral authorization is sufficient for any purpose, *except that an authority to enter into a contract required by law to be in writing can only be given by an*

*instrument in writing.'* The evidence is clear that at no time did Mr. Wheeler have written authority to represent Mrs. Wheeler. It is obvious, therefore, that he could not, as her agent, have lawfully authorized the alteration.'' (Italics added.)

██ Accordingly, there having been no written authorization signed by Mrs. Orduno designating her husband as her agent to execute the instrument in her behalf, she cannot be compelled to perform the agreement.

In her deposition Mrs. Orduno admitted that she knew her husband was selling the entire property to plaintiff and that she intended him to do so. However, since Mrs. Orduno was not bound by her husband's actions, whatever effect her acquiescence might have had was ended when she granted her interest in the property to defendants Paradiso. Such an act amounted to a tacit repudiation of any conflicting oral ''agreement'' on her part.

The case was tried on the theory that Orduno agreed to sell to plaintiff both his own interest and that of his wife, and no contention is made that plaintiff is entitled to specific performance by Orduno alone.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.

Respondent's petition for a rehearing was denied August 12, 1964.