[Civ. No. 21700. First Dist., Div. Three. Jan. 21, 1965.]

AGNES KARL, Plaintiff and Respondent, v. LEON B. JEBIEN et al., Defendants and Appellants.

Elton F. Martin and James P. Sullivan, Jr., for Defendants and Appellants.

Donald M. Layne for Plaintiff and Respondent.

DRAPER, P. J.—In this action for declaratory relief, plaintiff had judgment declaring her right to delivery, from an escrow holder, of deed granting her an easement over lands of defendants. The latter appeal.

Plaintiff owns land which does not abut upon a public roadway. Defendants' parcel intervenes between her land and the road. Plaintiff claimed a right of way over this parcel by virtue of a 1946 deed from defendants' predecessor. In early 1959, defendants questioned this claim and negotiations began. For defendants, they were conducted by their attorney

and Mr. JeBien, and for the plaintiff by her authorized attorney. In August 1959, the negotiators orally agreed that the JeBiens would deliver a grant of easement upon plaintiff's payment of $500, the transaction being conditioned upon plaintiff's acquiring an easement over the Yegen parcel, which lay between the lands of plaintiff and defendants. In December, Mr. and Mrs. JeBien executed deed granting the easement to plaintiff, and delivered it to their attorney. The latter promptly took the deed to plaintiff's counsel, but the transaction was not completed, in part because plaintiff was reluctant to proceed before acquiring a deed from Yegen and in part because the check which plaintiff's attorney held for delivery to defendants was dated a number of months earlier, and was not acceptable to defendants' counsel.

A short time later, Mr. JeBien raised a question as to the width of the easement to be granted, and instructed his attorney not to deliver the deed. Simultaneously, plaintiff's attorney commenced draft of a complaint for slander of title, based upon a document which JeBien had recorded. During this period, three owners of land near plaintiff's, Ring, Jamieson, and Johnston, became concerned about their own rights of way, and thereafter plaintiff's counsel also represented them. JeBien also had become concerned as to whether grant of the easement would bar his subdividing his 3-acre parcel into three residential sites, in view of the San Mateo County zoning restrictions requiring 1-acre building sites.

May 25, 1960, a written agreement was executed by Mr. JeBien "for himself and as the duly authorized agent of his wife," and plaintiff's counsel, as agent for Ring, Jamieson, Johnston and plaintiff. It provided that "in consideration of the settlement of all disputes between the parties hereto and in consideration of the granting by the JeBiens of certain easements to the other parties hereto," JeBien would pay the "application fee to the San Mateo Planning Commission" and half the cost of moving the fence along the easement, with "the remaining parties" to pay the balance of that cost. The next day, Mr. JeBien deposited in escrow the deed to plaintiff which he and his wife had executed December 8, together with a like deed of easement to Ring, et al., and signed instructions directing their delivery to the grantees upon submission of proof that "the San Mateo County Planning Commission has granted a variance to JeBien on the subject property which permits three building sites." The following day, Mr. and Mrs. JeBien signed an instruction cancelling those of May 26,

and the deeds were returned to Mr. JeBien. On May 31, the two deeds were deposited with another title company, with instructions (signed by Mr. JeBien, the attorney for Mr. and Mrs. JeBien, and counsel for the grantees) that upon proof of the planning commission action above described, both deeds be delivered to the attorney for plaintiff, Ring, et al. The instructions also provided that the deeds ''shall not be taken from this escrow in any other event except upon the [joint] written order of'' the named attorneys of grantees and grantors. On July 15, counsel for the grantees presented to the escrow holder proof of the planning commission action, and for the first time discovered that on June 13 Mr. JeBien had in writing instructed that holder not to comply with the instructions until further written instructions from him. The title company refused to deliver the deeds to anyone without a court order. Mr. JeBien shortly thereafter cancelled his rescission as to Ring, et al., and the deed of easement to them was delivered. Plaintiff then began this action to declare her right as to the deed to her. The title company is a mere stakeholder in this proceeding.

Defendants-appellants contend that there is in fact no agreement because the document of May 25 and the escrow instructions of May 31 do not refer to payment to the JeBiens or to the Yegen easement. But there is evidence to support the court's view that the former condition had been abandoned by JeBien, and that the Yegen easement, obviously only of real interest to plaintiff, was not required or desired by defendants. Appellants concede that settlement of existing disputes constitutes consideration, but argue that there was no such settlement because no claim against them was settled. ▉ They overlook the testimony that plaintiff asserted a claim for slander of title, which is disposed of by the written agreement of May 25. We conclude that the evidence supports the trial court's finding of a contract supported by valuable consideration.

Defendants contend, however, that the agreement of May 25 and the escrow instructions of May 31 are invalid as to Mrs. JeBien, because not signed by her (Civ. Code, § 1624, subd. 4). ▉ But several papers, only one of which is signed by the party to be charged, may be considered together to constitute an adequate memorandum of the contract (*Searles* v. *Gonzalez*, 191 Cal. 426, 431 [216 P. 1003, 28 A.L.R. 78]). ▉ Parol evidence is admissible to show the connection of the several papers (*id.*). ▉ Here there is evidence

to support the trial court's finding that Mrs. JeBien knew at all times of the acts and negotiations of her husband. We recognize that the cases cited in *Searles* and others on the subject (see Note 81 A.L.R.2d 991-1012), deal largely with unsigned papers which go to establish details of terms or description. But the circumstances here are unusual in that Mrs. JeBien put at her husband's disposition a signed and acknowledged deed, which she never attempted to withdraw or revoke although she knew of the use he was making of it. In this situation, we hold her signature of the deed to be an adequate memorandum of the transaction.

■ We feel, moreover, that Mrs. JeBien is estopped to rely upon the rule requiring written authority in her husband to execute the agreement in issue (Civ. Code, § 2309). Such an equitable estoppel has been recognized (*Vierra* v. *Pereira*, 12 Cal.2d 629, 632 [86 P.2d 816]). True there is "no husband-wife exception to the statute of frauds" (*O'Banion* v. *Paradiso*, 61 Cal.2d 559, 563 [39 Cal.Rptr. 370, 393 P.2d 682]). But in that case the wife had signed nothing. Here she signed the deed, entrusted it to her husband for disposition, and never repudiated his deposit of it in escrow. Fairness requires that she be estopped to deny his authority to deliver it.

■ Defendant argues that specific performance was improperly granted. But that relief was neither sought nor awarded. The complaint seeks only declaratory relief. The conclusion of law is that plaintiff is entitled "to a judgment declaring that plaintiff is entitled to delivery of the deed of easement" held by the title company. The judgment states only that plaintiff "is entitled to" such delivery. The failure to designate this statement a "declaration" does not alter its effect. Undoubtedly this declaration, establishing the rights of the parties, will result in delivery of the deed by the escrow holder. But it does not transform the judgment into one for specific performance.

Respondent stipulates that the item of $349.20 for reporter's transcript at trial was withdrawn from the cost bill. It is therefore ordered that this item be deducted from costs awarded.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied February 16, 1965, and appellants' petition for a hearing by the Supreme Court was denied March 17, 1965.