[Civ. No. 569.   Fifth Dist.   July 7, 1966.]

FRED TAMIMI, Plaintiff and Appellant, v. ART BETTENCOURT et al., Defendants and Respondents.

Coffin & Liedstrand and Robert R. Coffin, Jr., for Plaintiff and Appellant.

Lin H. Griffith for Defendants and Respondents.

STONE, J.—Defendants, husband and wife, jointly owned 50 acres of community property in Merced County. Plaintiff real estate broker had obtained listings of the property upon several occasions prior to obtaining an exclusive listing July 7,

1964. The "authorization to sell," signed only by Mrs. Bettencourt, gave plaintiff an exclusive and irrevocable listing until October 7, 1964. It provided that if the property were sold by the owners themselves or through any other agent during the listing period, plaintiff broker would be entitled to a commission of 6 percent.

Approximately a month after Mrs. Bettencourt signed the listing, she and her husband sold the property to a third party, whereupon plaintiff brought this action against both husband and wife to recover a broker's commission.

Plaintiff predicates the husband's liability upon the theory of implied agency, asserting that the signature of either a husband or a wife to a real estate broker's listing agreement for the sale of community real property is sufficient to bind both husband and wife. No authority is cited in support of the argument, and we find none. Rather, Civil Code section 1624 provides, in pertinent part: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent:

" . . . . . . . . . . . . .

"5. An agreement authorizing or employing an agent or broker to purchase or sell real estate . . . for compensation or a commission."

Section 2309 of the Civil Code provides: "An oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing can only be given by an instrument in writing."

The Supreme Court held, in *O'Banion* v. *Paradiso*, 61 Cal.2d 559, at page 563 [39 Cal.Rptr. 370, 393 P.2d 682], that a wife's express oral assent to her husband's agreement to sell community real property does not meet the requirements of the statute of frauds. Although the *O'Banion* case was an action for specific performance of an agreement to sell real property, the same principle applies to a contract employing an agent or broker to purchase or sell real estate. (Civ. Code, § 1624, subd. 5.)

Thus an oral authorization between husband and wife to sell real property, whether express or implied, falls short of the requirements of the statute of frauds. ■ The trial court correctly found that defendant husband, who did not sign, is not liable for a real estate commission by virtue of the authorization to sell executed by his wife.

The question of the wife's liability presents a different issue

since she signed the written listing. Defendants argue that since the property could not be sold without the husband's signature it must follow that the listing is likewise unenforceable without his signature. This argument parallels the reasoning in *O'Banion* v. *Paradiso, supra.* However, as noted above, *O'Banion* was an action to specifically enforce an agreement to sell community real property, while the action here is to recover money damages for breach of an authorization to sell.

These circumstances bring the case within the rationale of *Johnson* v. *Krier,* 59 Cal.App. 330 [210 P. 966], holding that where the wife refused to join in a conveyance of real property the broker could recover a commission from the husband even though he alone signed the agreement to sell the property and to pay a commission to the broker. The court said, at page 333: ". . . an executory contract of a married woman to convey real property, which contract has not been acknowledged in the manner provided by law, cannot be specifically enforced. But this proposition is beside the mark in the present case. This is not an action for specific performance; and it is also the rule that a refusal of the wife of a vendor to join in a deed conveying the subject of the agency does not deprive the broker of his right to compensation."

*Johnson* v. *Krier, supra,* is still the law. (*Russell* v. *Ramm,* 200 Cal. 348, 366 [254 P. 532]; *McDonald* v. *Bernard,* 87 Cal.App. 717 [262 P. 430]; *Fritz* v. *Frost,* 114 Cal.App. 602, 608 [300 P. 454]; *Schurz* v. *Gelber,* 117 Cal.App.2d 681, 685 [256 P.2d 634].)

Although the facts of our case are converse to those of the cited cases in that only the wife signed, we see no reasonable ground for differentiating between a husband and a wife when only one spouse signs a listing or authorization to sell.

Defendants call attention to *Tolson* v. *Griset,* 186 Cal. App.2d 497 [9 Cal.Rptr. 110], in which a real estate broker was denied his commission pursuant to an agreement for the sale of joint tenancy property signed by the husband alone. It is contended there is no distinction between joint tenancy property and community property in that the wife's signature is equally vital to a conveyance of either kind of real property. Defendants overlook the court's finding in *Tolson* that the husband's signature on the listing or agreement to sell was contingent upon his wife also signing, and that her consent to sell the real property was a condition precedent to an effective contract.

Here, defendants did not plead that the wife's signature on the listing was conditioned upon the husband also signing, that it was an incomplete contract, that conditions precedent were not fulfilled, or that there was a failure of consideration. Nor was there an offer of proof of any such special defense at the trial.

We note, in passing, that although there are findings to support the conclusion of law and judgment in favor of defendant husband, Art Bettencourt, there is not a single finding to support the conclusion of law that Mrs. Bettencourt is not liable.

The judgment is affirmed as to defendant Art Bettencourt; the judgment is reversed as to defendant Mrs. Art Bettencourt.

Conley, P. J., and McMurray, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.