116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNIVERSE RESORT GUAM, INC., Plaintiff-Appellant,
v.
SANDCASTLE, INC., Defendant-Appellee.
 No. 96-15706.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 9, 1997.
Decided May 30, 1997.
 
 Appeal from the District Court of Guam, Appellate Division, D.C. No. CV-95-00029-A; John S. Unpingco, Alfred T. Goodwin,* and Alex R. Munson,** Judges Presiding.
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The Superior Court of Guam denied summary judgment to plaintiff Universe and granted summary judgment to defendant Sandcastle, and the District Court of Guam, Appellate Division, affirmed. We reverse the decision of the district court and grant summary judgment to Universe on the ground that a private 40' wide easement was created by express grant and was never reduced to 24' as a matter of law.
 
 
 3
 Plaintiff Universe argues that Leon Guerrero created a private 40' easement by express grant when he sold the Universe property to Hemlani pursuant to the 1963 administrator's deed and the 1965 Map. Defendant Sandcastle does not dispute that Leon Guerrero intended to convey a 40' easement to Hemlani, that the 1965 Map depicts a private 40' easement, and that the 1965 Map is the "survey" referred to in the 1963 deed, see ER 12.133 at 3:15-20. Rather, Sandcastle argues that neither the 1963 deed nor the 1965 Map expressly conveys a 40' easement because the 1963 deed makes no mention of an easement, and the 1965 Map was signed only by Hemlani, not by Leon Guerrero.
 
 
 4
 An express easement must be conveyed in writing to comply with the statute of frauds, and the writing must contain a description of the burdened property sufficient to identify the easement. 5 Miller & Starr, California Real Estate, § 15.14, at 434-36 (2d ed.1989). When a writing consists of more than one document, only one document needs to be signed to satisfy the statute of frauds. Karl v. JeBien, 42 Cal.Rptr. 461, 463 (Ct.App.1965). Whether two or more documents are sufficiently related to constitute one writing is a question of fact that may be decided with the aid of parol evidence. Id.
 
 
 5
 Since Sandcastle does not dispute that the 1965 Map is the "survey" referred to in the 1963 deed, the 1963 deed and the 1965 Map constitute one writing. Therefore, Leon Guerrero's signature on the 1963 deed is sufficient to satisfy the statute of frauds, id., and to convey an express easement as depicted in the 1965 Map, see Danielson v. Sykes, 109 P. 87, 88 (Cal.1910) (when lot conveyed by deed is described by reference to map, map becomes part of deed). It is immaterial that the map was drafted after the conveyance because the 1963 deed specifically refers to a survey to be conducted in the future for purposes of determining the precise boundaries of the property conveyed. See Ontario Downs, Inc. v. Lauppe, 13 Cal.Rptr. 782, 785 (Ct.App.1961) (agreement to convey 15.87 acres of property is sufficiently certain to satisfy statute of frauds even though exact description of property is left for future determination).
 
 
 6
 Once created, an easement runs with the land unless expressly and unambiguously excepted by the terms of a deed. See 19 Guam Code Ann. § 40502 (1996); Tract Dev. Servs., Inc. v. Kepler, 246 Cal.Rptr. 469, 475 (Ct.App.1988). Judge Hogan held that Terlaje and Universe had consented to the reduction of the 40' easement to 24' when Terlaje transferred the property to Universe in 1987 because (1) Terlaje knew about the TPC's alleged reduction of the easement from 40' to 24', and discussed the TPC's action with Universe; (2) the sales agreement between Terlaje and Universe refers to a easement of "no less than 24 feet"; (3) the 1987 Map, attached to the deed transferring property from Terlaje to Universe, uses a solid line to depict a 24' easement and a dotted line to depict a 40' easement, with a special note indicating that the TPC had reduced the easement from 40' to 24'; and (4) Terlaje signed the 1987 Map. Hogan 6/3/94 Decision at 4-7. However, Terlaje testified that he intended to convey a 40' easement, and that he believed the 1987 Map depicted a private 40' easement because the TPC had no authority to reduce a private easement. ER 12.78.2 at 76, 82. Indeed, the sales agreement's language "no less than 24 feet" is consistent with the grant of either a 24' or a 40' easement. Moreover, the surveyor who created the 1987 Map, Robert Ventura, submitted an affidavit stating that dotted lines depict an existing easement that is not parcelled out as a separate lot. ER 12.148 at pp 8-9, 11. Since the 1987 Map and sales agreement are subject to conflicting interpretations, there was no express and unambiguous exception of the 40' easement as a matter of law. See Tract, 246 Cal.Rptr. at 475.[1]
 
 
 7
 The district court judgment is hereby REVERSED, and the matter is REMANDED to the Appellate Division with directions to remand the matter to the Superior Court for fashioning of an appropriate equitable remedy.
 
 
 
 *
 Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 **
 Honorable Alex R. Munson, Chief Judge, District Court for the Northern Mariana Islands, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We address the merits of the issue whether the 40' easement was reduced to 24', notwithstanding the fact that Sandcastle does not argue this issue on appeal